20   689
f111  272

No. 132.—JOHN DOE, *ex dem.* of MICHAEL C. SUMMERLIN, plaintiff in error, *vs.* RICHARD ROE, cas. ejector, and FRANCIS B. HESTERLY, tenant in possession, and JONATHAN HARDIGREE, co-defendant, defendants in error.

[1.] Parol evidence is admissible for the purpose of applying a description to its subjects; and if such evidence, on its admission, shows some part of the description to be inaccurate, such part is to be rejected.

[2.] Recitals in a Sheriff's deed are not evidence when no authority is shown for the Sheriff to make them.

[3.] A judgment that is right remains right, notwithstanding that the Court rendering the judgment may assign a wrong reason for it.

Ejectment, in Heard Superior Court.   Tried before Judge HAMMOND, May Term, 1856.

This was an action of ejectment brought by Michael Summerlin against Francis B. Hesterly, tenant in possession, for the recovery of lot of land, known as fraction number one hundred and eighty-nine, in the 4th district of said county, containing one hundred and twenty-five acres.

On the trial, plaintiff showed title in his lessor, proved possession and *locus*, and closed his case.

The defendant tendered in evidence an execution in favor of Albert Sears against Michael C. Summerlin and others, and a levy thereon entered by F. D. Palmer, Deputy Sheriff, in the spring of 1844, on several lots of land, one of them being "fractional lot, whereon John Smith now lives, No. 81, in the 4th district of originally Coweta, now Heard County."

Counsel for plaintiff objected to the *fi. fa.* because lot No. 189, the one sued for, was not included in the levy.   The Court sustained the objection.   Counsel for defendant then offered to show, by parol evidence, that one John Smith lived on No. 189, and that it was a fractional lot at the time of the levy entered on the *fi. fa.*   The plaintiff objected, and the Court rejected the testimony.

John Doe, &c. *vs.* Richard Roe, &c.

The Jury found a verdict for the plaintiff; whereupon, the Counsel for defendant moved the Court for a new trial, upon the following, among other grounds :

1st. Because the Court erred in ruling out the *fi. fa.* as evidence under which the premises in dispute were sold as plaintiff's property, and under which sale defendants claimed title.

2d. Because the Court erred in not allowing defendants to explain an ambiguity in an entry upon said *fi. fa.* by parol testimony, when it appeared that the Sheriff making the entry was dead.

The Court sustained the motion and awarded a new trial, and Counsel for plaintiff excepted.

CALHOUN ; HILL, for plaintiff.

HILL & SON, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, the judgment was a general one, that the motion for a new trial should be granted. That motion was put on several grounds. One of these was the decision of the Court rejecting the parol evidence offered in connection with the entry on the *fi. fa.* This ground, we think, was a sufficient one.

Parol evidence is, of necessity, admissible, to apply a writing to its subject.

[1.] Parol evidence, therefore, was admissible in this case to show what parcel of land it was that fitted all the parts of the description contained in the Sheriff's entry. And if, on the introduction of such evidence in such a case, it appears that there is no parcel which will fit every part of the description, but that there is a parcel which will fit some part of the description, this parcel is to be regarded as the parcel intended by the description. There are many decisions to this effect. (1 *Phill. Ev.* 533 ; *and note* 942 *of Cow. & Hill.*)

John Doe, &c. *vs.* Richard Roe, &c.

It was the right of the plaintiff in error, therefore, to show by parol evidence that the fractional lot on which John Smith lived at the time of the entry, was the lot in suit; and that although the number of it was not 181, but was 189, yet, that there was no such lot as lot 181 that was a fractional lot, or that if there was such a lot that was a fractional lot, it was not a lot occupied by John Smith. And if he had shown this, he would have been entitled to insist that the lot described in the entry was the lot in suit.

In such cases, the inaccurate part of the description is to be rejected.

The Sheriff's deed contained a recital to the effect, that he had seized and sold the land under the rejected *fi. fa.* The defendant insisted that this recital was evidence of the facts recited, although the *fi. fa.* itself was not in evidence. The Judge thought that it was, and made it the ground on which he granted the new trial.

In this we differ with him. As the *fi. fa.* was not in evidence, there was nothing in evidence to show that the Sheriff had authority to make deed or recitals. And unless he had authority to make the recitals, they could not be of any virtue.

[3.] But still, we affirm the judgment, because the other ground to which we have already adverted made the judgment right. That was sufficient, if this was not. And a judgment that is right must remain right, whatever be the reason which the Court may choose to give for it.