[No. 2650.  Decided August 5, 1897.]

THE STATE OF WASHINGTON *on the Relation of the
American Savings Union, Respondent,* v. CHARLES F.
WHITTLESEY, *as Treasurer of King County, State of
Washington, Appellant.*

STATUTES—SUBJECT AND TITLE—TAXATION—UNIFORMITY—DELINQUENCY
    CERTIFICATES — INTEREST — RETROACTIVE LAWS — DUE PROCESS OF
    LAW — REFUNDING PAYMENT OF VOID TAX — LIMITATION OF MUNICIPAL
    INDEBTEDNESS — CONCLUSIVENESS OF JUDGMENT ON TAX DEED.

Where an act of the legislature is entitled " an act to provide
for the assessment and collection of taxes in the state of Wash-
ington," the title is sufficiently comprehensive to embrace provi-

448 STATE, EX REL. SAVINGS UNION, v. WHITTLESEY.

sions in the act providing for the issuance of delinquency tax certificates to any applicant, with a guaranty by the county or municipality that the sum paid for the certificate will be refunded with six per cent. interest in case the tax be void.

The provision in a statute regulating the collection of taxes, that, whenever taxes are delinquent the treasurer shall issue to any applicant who shall pay the taxes upon delinquent property a certificate which can be redeemed only by paying the holder the amount paid by him thereon with fifteen per cent. interest, thus virtually exacting compound interest, does not violate the constitutional requirement that taxes shall be uniform, although other delinquent property owners against whom no tax certificate has been issued may be able to clear their property by the payment of the tax with simple interest.

Where a property owner has notice and an opportunity to defend before his title is actually divested by the issuance of a tax deed, the issuance of a tax certificate without notice to him, which the statute declares shall have the same force and effect as a judgment, execution and sale, will not constitute a taking of property without due process of law.

A statute respecting the collection of delinquent taxes may be retroactive in its operation, if so expressly declared by the legislature.

The act of 1897 (Laws 1897, p. 181, §§ 94, 95) in regard to the issuance of delinquency certificates is applicable to delinquent taxes for the year 1896, though not expressly in terms made retrospective in that particular, since such taxes did not become delinquent until after the passage of the act, and therefore fall within its prospective operation.

The fact that there is a general law in the state limiting interest charges within twelve per cent. would not preclude the legislature from authorizing a charge of fifteen per cent. interest upon the redemption of delinquent tax certificates.

It is within the power of the legislature to require municipalities to guarantee the repayment with interest of money paid for delinquent tax certificates in case the tax be void.

The provision of the revenue law of 1897 requiring counties and municipalities to guarantee the payment of interest upon void tax certificates does not render that portion invalid on the ground that it might, under some contingencies, cause the constitutional limit of indebtedness to be exceeded.

Section 98, of the revenue law of 1897, providing for the issuance of delinquency certificates to counties or municipalities,

· when no certificate has been sold to individuals, cannot be held
to be inoperative and invalid on the ground of impossibility of its
performance.

A statute making a tax deed *prima facie* evidence of certain
matters therein specified and providing that a judgment for a tax
deed shall be conclusive evidence of its regularity and validity in
collateral proceedings, excepting in cases where the tax had been
paid or the real estate was not liable, is valid as a proper exercise
of legislative power and does not amount to a taking of property
without due process of law.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Affirmed.

*James F. McElroy*, and *John B. Hart*, for appellant.
*H. B. Huntley*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—It is agreed between counsel for the re-
spective parties in this proceeding that on June 22, 1897,
the American Savings Union, the relator herein, tendered
to the appellant Whittlesey,, who was treasurer of King
county, the amount of taxes for 1896 due on lot six of
block seventeen of Renton's addition to the city of Seat-
tle, together with fifteen per cent. interest thereon from
May 31, 1897, the date when taxes for 1896 became de-
linquent, and fifty cents as an additional fee for certifi-
cate, and requested the said treasurer to issue a delinquency
tax certificate to him in accordance with the act of the
legislature of March 15, 1897. (Laws 1897, p. 136.) This
the treasurer refused to do, claiming that the act was un-
constitutional and void, and that, even if valid, it did not
apply to the taxes for 1896. The relator thereupon ap-
plied to and obtained from the superior court of King
county an alternative writ of mandate requiring the said
treasurer to issue the certificate of delinquency or show
cause why he refused. The defendant appeared and filed

a general demurrer to the plaintiff's affidavit and writ, and, on the hearing, the demurrer was overruled and judgment entered making the writ peremptory. From this judgment the defendant has appealed to this court.

Two questions are presented for determination on this appeal: First, as to the constitutionality of the act in question; and, second, whether it is applicable to the delinquent taxes of 1896. The main constitutional objections urged by counsel for appellant against the validity of this act are, first, that that part of the act providing for the issuance of delinquency tax certificates, with the incidents mentioned therein, is not sufficiently expressed in the title; second, that the provision that redemption shall be made by paying the holder of the certificate the amount he has paid, with fifteen per cent. interest thereon, results in unequal taxation and is therefore void; and, third, that the creation of a lien by the issuance and sale of a delinquency certificate to a stranger having no interest in the property, the lien having the force and effect of a judgment execution and sale, without notice to, or a hearing by, the property owner, is in conflict with that provision of the constitution declaring that "no person shall be deprived of life, liberty or property without due process of law." (Constitution, art. 1, § 3.) Sec. 19 of art. 2 of the constitution provides that "no bill shall embrace more than one subject and that shall be expressed in the title." It has been many times declared by the courts that the object of this constitutional provision is that neither the members of the legislature, nor the people, should be misled by the title of a legislative act, but it has never been held that the title should embody all the distinct provisions of the act in detail. Such a construction would be eminently unreasonable, for in such a case the body of the act would be nothing more than a repetition of the

title. It is said by Judge COOLEY that the generality of a title is no objection to it so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection. The legislature must determine for itself how broad and comprehensive shall be the object of the statute, and how much particularity shall be employed in the title in defining it. Cooley, Constitutional Limitations (5th ed.), p. 174. The title of the act in question is, "An act to provide for the assessment and collection of taxes in the state of Washington," and there is no question but that it is a general and comprehensive one. The only question, therefore, to determine is whether the particular provision of the statute under consideration is embraced within the title, and we have no doubt, under the decision in *Marston v. Humes*, 3 Wash. 267 (28 Pac. 520), that it is.

Section 94 of the statute, which is the section especially referred to by counsel for appellant, provides that any day after the taxes charged against real property are delinquent, the treasurer shall have the right, and it shall be his duty upon demand and payment of the taxes and interest, to make out and issue certificates of delinquency against such delinquent property, and such certificates shall be numbered and have a stub which shall be a summary of the certificate and shall contain enumerated statements, among which is—

"A guaranty of the county or municipality to which the tax is due that if for any irregularity of the taxing officers this certificate be void, then such county or municipality will repay to the holder the sum paid thereon with interest at the rate of six per cent. per annum from the date of its issuance." (Laws 1897, p. 181, § 94, subd. 8).

This section is certainly germane to the subject of collecting taxes which is expressed in the title of the act.

Section 2 of article 7 of the state constitution provides for a uniform and equal rate of assessment and taxation on all property in the state according to its value in money, and it is claimed by the learned counsel for respondent that the provision that redemption shall be made by paying to the certificate holder the amount he has paid with fifteen per cent. interest thereon is in contravention of this provision of the constitution, because it requires the owner of land on which a certificate is outstanding to pay compound interest, while his neighbor, equally delinquent in payment of his taxes, and against whose land no certificate has been sold, is only required to pay simple interest. We are unable to see how this provision of the statute violates the rule of uniformity of assessment and taxation. The meaning of the word " uniform," which has been generally adopted by the courts, is that uniformity must refer to property or persons of the same class, i. e., different kinds of property may be taxed at different amounts providing the rate is uniform on the same class everywhere, with all people, and at all times. (Miller, Constitution of the United States, p. 241.) It will be seen from an examination of the statute that all persons owning lands in the state are subject to the same taxation, and it is not shown, or even alleged, that the property in question was not assessed in conformity with this constitutional provision. The inequality, if any exists, arises, not in the mode of assessment or taxation of the property, but only in the collection of the interest after the taxes become delinquent. It is said to be a general rule of law that all penalties must be equally and uniformly imposed upon all persons similarly situated and belonging to the same class. (25 Am. & Eng. Enc. Law, p. 304.) But the requirements of this rule are fully met by the provisions of this statute. All persons similarly situated and belonging to the same class

are subject to pay precisely the same rate of interest. A·
high rate of interest is imposed upon the tax-payer after
delinquency, first, to induce prompt payment of taxes, and
second, to reimburse the county or state for a failure in
making payment at the proper time.

As to the third proposition above mentioned it may not
be improper to observe that, as we read section 95 of the
act, it purports only to make the certificate of delinquency
*prima facie* of the same force and effect as a judgment
execution and sale against the premises included therein.
It has been declared that the clause usually found in con-
stitutions which declares that no person shall be deprived
of his property without due process of law does not apply
to the levying and collecting of taxes. *People v. Mayor*,
4 N. Y. 419 (55 Am. Dec. 266); *Baker v. Kelley*, 11
Minn. 480.

But, however that may be, the requirement of due pro-
cess of law is satisfied where the property owner has notice
and an opportunity to defend before his title is actually
divested by the issuance of a deed. It is not necessary
that he have notice of every step taken in the assessment
and collection of the tax. *State v. Lands in Redwood
County* (Minn.), 42 N. W. 474.

Under the statute, before the lien evidenced by the de-
linquency certificate can ripen into a complete title the
property owner has notice to appear and protect his rights
in the most ample manner. A proceeding in court is pre-
scribed by the statute and no doubt for this very pur-
pose. It therefore would seem evident that property can
not be taken under the provisions of this statute without
due process of law.

The point is also made that the statute under considera-
tion is retrospective, and for that reason void. We find
no provision, however, in our constitution inhibiting the

passage of retrospective laws, and we think the rule is well settled that the legislature may enact such statutes whenever they are not restrained by constitutional provisions. Indeed, there is hardly room for doubt as to this proposition. A "retrospective law is one that relates back to, and gives to a previous transaction some different legal effect from that which it had under the law when it transpired." And it is said in Cooley on Constitutional Limitations (5th ed.), p. 456:

"There is no doubt of the right of the legislature to pass statutes which reach back to and change or modify the effect of prior transactions, provided retrospective laws are not forbidden, *eo nomine*, by the state constitution, and provided further that no other objection exists to them than their retrospective character."

And in this connection the author further observes that:

"Nevertheless, legislation of this character is exceedingly liable to abuse; and it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively."

The question therefore is, Is this statute retrospective in regard to the issuance of delinquency certificates? We think that it is not, but that it is in that regard wholly prospective. We are further of the opinion that it must be deemed applicable to taxes for 1896 for the reason that such taxes did not become delinquent until some time after the passage of the act. Prior to the passage of this statute delinquent taxes were collected by the county treasurer by the institution of a suit in the superior court to foreclose the lien. (Laws 1895, pp. 513, 521.) But by the provision of the present statute this mode of collecting delinquent taxes is entirely changed and the treasurer is required, instead of going into court to foreclose the lien,

simply to issue the certificate of delinquency provided for in section 94. This, it would seem, necessarily repeals the former law, and must therefore be applicable to delinquencies occurring in payment of taxes of 1896 as well as subsequent years. It expressly applies to certain previous years.

It is also suggested on behalf of appellant that the interest at the rate of fifteen per cent. on delinquency certificates is usurious and void, but we are unable to perceive any force in this contention. If it were conceded that the general law declaring what shall be the rate of interest between private parties applies to delinquent taxes, which we do not concede to be the fact, still it would be within the power of the legislature to change the general law so far as the interest upon delinquent taxes is concerned.

The question is asked by counsel for appellant, Can the legislature require a municipality to guarantee the payment of the amount paid for the certificate in case it be found to be void, and can a municipality be required to pay interest upon the amount of such guarantee? We think it can, and that such legislation is entirely just and proper. Where the county or state has received money to which it was not legally entitled there can be no valid - reason why it may not repay it to the party from whom it was received. Such statutes have been passed in other states, and so far as we are advised have always been held valid.

See *Warner v. Supervisors*, 19 Wis. 611; *Norton v. Supervisors*, 13 Wis. 611; *Roberts v. County of Adams*, 18 Neb. 471 (25 N. W. 726); *Flint v. Commissioners*, 43 Kan. 656 (23 Pac. 1048).

It was held in *Board of Commissioners v. Lucas*, 93 U. S. 108, that, unless restrained by the constitution, the

legislature may direct the restitution to tax-payers of property exacted from them by taxation.  But it is contended on the part of appellant that the guarantee of the payment of interest upon a void certificate may increase the indebtedness of the several counties and municipalities beyond the amount authorized by the constitution.  This position is more specious than sound.  Whether such may be the effect or not is certainly a remote contingency, and, until it is shown that such interest in any case would actually cause the limit of constitutional indebtedness to be exceeded, the county treasurer would not be justified in refusing to issue such certificates.  But the fact that the constitutional limit of indebtedness may, under certain contingencies, be exceeded, cannot be deemed a sufficient ground for declaring the act void in this particular.  It was decided by this court in *State, ex rel. Barton, v. Hopkins*, 14 Wash. 59 (44 Pac. 134, 550), that taxes assessed, levied and unpaid remained an asset which could properly be taken into account in determining whether the amount of indebtedness was within the constitutional limit.  And if that be true, it would seem to follow that the interest prescribed by law upon delinquent taxes should also be deemed an asset of the county for the same purpose.  And such interest, it must be presumed, would be sufficient to reimburse the county for all interest paid on account of void certificates.

It is further contended that the issuance of delinquency certificates to a county or municipality for taxes which remain due and unpaid in the same manner as they are issued to individuals is impracticable and impossible of performance, under section 98 of the statute, because of the difficulty of separating the different taxes therein enumerated.  The general law makes it the duty of the treasurer to collect all taxes whether due to counties, to

the state, or to municipalities, and we see nothing to pro-
hibit the issuing of one certificate for all taxes due upon
any particular piece of land. The county treasurer is re-
quired, upon receiving moneys for taxes, to apply the same
to the several funds for which the tax was raised, and
there is no reason why he should not do so in cases where
he receives money for a delinquency certificate under the
general law relating to the collection of taxes. The words
" or municipality " in the act might well be disregarded,
for, as suggested by counsel for the respondent, they were
probably borrowed or taken from some law where the taxes
were collected in cities and towns separately from the
county taxes. However, we are not of the opinion that
the division of the tax and issuance of certificates to the
cities or towns is by any means impossible of performance.

Objection is also made to the statute on the grounds
that the recitals in the tax deed are made by the act *prima
facie* evidence of certain matters and things therein speci-
fied, and that the judgment for a tax deed shall be con-
clusive evidence of its regularity and validity in all col-
lateral proceedings, excepting cases where the tax or as-
sessments have been paid, or the real estate was not liable
to the tax or assessment. We are unable to perceive any
merit in this objection. Such statutes have been uniformly
upheld and they are very generally found in acts relat-
ing to the collection of revenue.

Some other points are made by appellant, but, inasmuch
as they relate to the policy and justness of the statute, we
will not now stop to consider them, for the reason that
such matters are of no concern to the courts.

The judgment is affirmed.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.