[No. 3710.]

EVANS v. THE CITY OF DENVER.

CONSTITUTIONAL LAW—RETROSPECTIVE LAWS—CITY OF DENVER—
    SEWER TAXES.
Section 48, article 7 of the amended charter of the city of Denver (Session Laws, 1893, p. 219) providing that when by final judgment of the court of appeals or supreme court, any assessment theretofore made by the city of Denver for the construction of sewers in any

26   193
27  . 95

26   193
16a  381

26   193
s35  490
37   228

district in the city shall have been declared invalid, the city may, upon resolution by the council declaring such sewers necessary for sanitary reasons, assess the reasonable value of that portion of the sewer, adjoining lots, assessments for which remain unpaid, against such lots with interest from date of construction, is retrospective in its legal sense and in contravention of section 11, article 2 of the constitution.

*Error to the District Court of Arapahoe County.*

IN THE case of *Keese et al. v. City*, 10 Colo. 112, it was held by this court, that the assessments levied to defray the expense incurred in constructing a sewer in the thirteenth sewer district of the city of Denver, under the provisions of ordinances passed by its council March 6, 1882, and July 3, 1883, which created this district, and under which such assessments were made, could not be enforced, because the provisions of the city charter, relative to conditions precedent, had not been observed, which were necessary in order to legally authorize the assessment of adjoining lots with their prorate share of the expense of the construction of such sewer. In 1893, the general assembly passed an act which, in terms, provided that when, by final judgment of the court of appeals or of this court, any assessments theretofore made by the city of Denver, for the construction of sewers in any district in the city, have been declared invalid in a direct action to determine their validity, the city, nevertheless, may, upon the passage of a resolution by the council declaring such sewers necessary for sanitary reasons, assess the reasonable value of that portion of the sewer adjoining lots in the district, assessments for which remain unpaid, against such lots, with interest from date of construction. Laws of 1893, sec. 48, art. 12, p. 219. Under this law the city council caused the respective lots of the respective plaintiffs to be assessed for the purpose of defraying the expenses of the construction of the sewer, the former assessments for which, in *Keese v. City*, had been declared invalid; and it is to restrain the collection of these latter assessments that plaintiffs brought this action. Upon the issues being made up, the parties entered into a

stipulation regarding the facts, by which the only question presented for determination is, whether or not section 48, *supra*, is in conflict with section 11, article 2 of the constitution, which provides in express terms that no law, retrospective in its operation, shall be passed by the general assembly. The judgment of the trial court was in favor of the defendants. Plaintiffs bring the case here on error.

Messrs. BENEDICT & PHELPS, Mr. ROBERT W. BONYNGE and Mr. HORACE PHELPS, for plaintiff in error.

Mr. J. M. ELLIS, Mr. S. L. CARPENTER, Mr. F. A. WILLIAMS, Mr. G. Q. RICHMOND and Mr. J. C. NORRIS for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The only question presented, and upon which a decision of the case rests, is, whether or not the act of the legislature under which the city, by its subsequent action, seeks to enforce the collection of the levy made, is retrospective in its legal sense. It will be observed that this levy is for the purpose of compelling adjacent lot owners to pay the expense of a sewer constructed prior to the time when the act of the general assembly authorizing the action of the municipal authorities, which plaintiffs in error seek to restrain, took effect. By the terms of the city charter in force when the sewer was constructed, it was provided: " The city council shall cause sewers to be constructed in any district whenever a majority of the property holders resident therein, shall petition therefor, or whenever the board of health recommend the same as necessary for sanitary reasons, and said recommendation is approved by the city council."

Neither of these conditions was observed, but it is contended by counsel for the city, that it is within the power of the legislature to pass an act curative in its nature, whereby illegal assessments for public improvements may be legalized.

In the *Keese* case, *supra*, the assessments were declared invalid, not because of any irregularity in making the levy, but for the reason that no obligation to pay for the sewer existed, because the preliminary steps authorizing its construction had not been observed. This omission constituted a conclusive defense against any action on the part of the corporate authorities in attempting to enforce a liability against lot owners for the cost of the construction of such sewer. Before this act no steps could be taken by the city which would create any liability against them on this account, but now by its terms it authorizes the municipal authorities, by the adoption of a resolution nearly ten years subsequent, to reach back, change and modify the effect of a past transaction, and give it a different legal result from that which it had under the law when it took place, by attempting to make legal that which before was void, which renders nugatory the complete defense of plaintiffs and others similarly situated, which, before, they could assert against any action to compel them to pay for this sewer, and authorizes the imposition of a liability with respect to a past transaction which, before, had no existence. This brings the case clearly within the definition of what constitutes a retrospective statute in its legal sense, which, according to text writers and many well considered cases on the subject, embraces a statute which abrogates an existing right of action or defense, or creates a new obligation on transactions or considerations already past. *Denver, S. P. & P. R. Co. v. Woodward,* 4 Colo. 162; *Woart v. Winnick,* 3 N. H. 473; *Clark v. Clark,* 10 N. H. 380; *The Society, etc., v. Wheeler,* 2 Gallison, 104; *Hope Mut. Life Ins. Co. v. Flynn,* 38 Mo. 483; *City of St. Louis v. Clemens,* 52 Mo. 133; Sedgwick's Constr. of S. & C. Law (2d ed.), 160; *French v. Deane,* 19 Colo. 304.

In the absence of constitutional restrictions, it has been held that it is competent for the legislature to enact retrospective statutes to validate an irregular or defective execution of a power by a municipal corporation, but where the constitution of a state contains a special provision against

such legislation, such acts, when their legal effect is retrospective, cannot be upheld. Dillon's Municipal Corporations (6th ed.), §§ 544, 814; Cooley's Const. Lim. (6th ed.) p. 455. Such laws have always been regarded with distrust, for frequently thereby liabilities were imposed which were oppressive and unjust, the effect of which could not be avoided, upon the ground that they were *ex post facto* or impaired the obligation of contracts ; and it was to prevent such legislation that several of the states (including Colorado), have an express constitutional inhibition against legislation of this character.

On the admitted facts, the act under which the city authorities claim to derive their power in this instance, in so far as it affects transactions antedating the time when it took effect, contravenes the fundamental law of the state respecting retrospective legislation, and, therefore, renders the attempt of the municipality to enforce any liability as to these transactions, ineffectual. The judgment of the district court is reversed, and the cause remanded, with directions to render judgment in favor of plaintiffs in error, enjoining the defendants from collecting the assessments mentioned in the complaint.

*Reversed and remanded.*