## HERRINGTON *et al. v.* GODBEE *et al.*

On March 19, 1869, there was set aside to an applicant as head of a family a homestead, under the constitution and laws of 1868, in certain personalty and 1008 acres of land. The applicant and beneficiaries went into possession of the homestead property. In 1867 certain judgments were obtained against the applicant, and they were in existence at the time of the setting aside of the homestead in 1869. On July 22, 1873, the applicant filed a petition to the ordinary asking leave to withdraw the homestead which had been granted by the ordinary; and an order was granted by the ordinary as prayed. On July 28, 1873, the applicant filed a voluntary petition in bankruptcy, and scheduled the 1008 acres of land embraced in the homestead and claimed it to be exempt under the constitution of 1868 and the act of October 3, 1868. The assignee in bankruptcy set apart only 700 acres of the 1008 acres as exempt, and sold the balance of the homestead land of 300 acres on February 12, 1875, to D., a purchaser at the sale. The applicant and beneficiaries of the exemption all remained in possession of the 700 acres of land allowed by the assignee in bankruptcy, until the death of the head of the family and his wife, and until all the minor beneficiaries became of age. The head of the family died intestate in 1898, and his wife on May 1, 1922. On the last named date all the children were more than 21 years of age. On September 12, 1922, the latter brought suit as heirs at law of their father, against the vendees of the purchaser at the assignee's sale, to recover the 300 acres of land which had been sold by the assignee in bankruptcy. The defendants answered, denying the right of plaintiffs to recover, and claiming prescriptive title in themselves. On the trial the court directed a verdict for the defendants.
*Held:*

1. The homestead clause of the constitution of 1868 of the State of Georgia, and the act of 1868 (Acts 1868, p. 27) passed in pursuance thereof, were in violation of the constitution of the United States, prohibiting the passage of laws impairing the obligation of contracts, in so far as they authorized the homestead and exemption to be set up against contracts made before the adoption of the constitution of the State in 1868. The homestead of 1869 was void as against judgment liens obtained against the head of the family prior to the State constitution of 1868.

(a) Whether the ordinary could grant a valid order allowing the applicant to withdraw his homestead after it was set apart, quere? But it is not necessary to decide that question in this case.

2. The assignee in bankruptcy could administer the assets of the bankrupt for the benefit of his creditors. Where the assignee sold certain property of the bankrupt included in the homestead of 1869, which was subject to the bankrupt's debts contracted before the adoption of the constitution of Georgia of 1868, and made the purchaser a deed thereto, the latter would obtain, as against the heirs at law of the bankrupt, such title as the bankrupt had in the lands sold, and would obtain a good title to that extent.

(a) It will be presumed that all facts existed which were necessary to give the bankruptcy court jurisdiction of the subject-matter, and to

render valid and binding the judgment ordering the sale of this property.

3. Under the facts of this case the plaintiffs were not entitled to recover the land sold at the assignee's sale, and the court did not err in directing a verdict for the defendants.

No. 3803.   JANUARY 18, 1924.

Complaint for land. Before Judge Franklin. Burke superior court. May 22, 1923.

On March 19, 1869, there was set aside to Wm. M. Herrington, as head of a family consisting of his wife and minor children, in Burke court of ordinary, a homestead under the constitution of 1868, the property set aside consisting of certain personalty and 1008 acres of land. Herrington went into possession of the homestead property, together with his wife and children. On July 22, 1873, Herrington and his wife undertook to withdraw the homestead which had been granted to them by the ordinary, and obtained an order for that purpose signed by the ordinary of Burke County, in the following language: "The judgment of the court having, on motion of Wm. M. Herrington and his wife, Mary Herrington, been opened, on motion of H. C. Glisson, attorney of movants, ordered that the said Wm. M. Herrington be allowed to withdraw his application and said cause stand as though no application ever was filed." In 1867 certain judgments were obtained against Wm. M. Herrington, some if not all of which were levied upon the property which had been set aside as a homestead in 1869. On July 28, 1873, Wm. M. Herrington filed a voluntary petition in bankruptcy, and scheduled the tract of land embraced in the homestead and claimed it to be exempt under the constitution of 1868 and the act of the General Assembly approved October 3, 1868, which provided how constitutional homesteads should be set aside. The assignee in bankruptcy set apart only 700 acres of the 1008 acres embraced in the original homestead, and sold the remaining 300 acres at public sale to James H. Daniel on February 12, 1875. Herrington and his wife and minor children remained in possession of the 700 acres of land allowed by the assignee in bankruptcy until the death of the head of the family and his wife and until all of the minor beneficiaries became of age. Wm. M. Herrington died intestate about the year 1898, and his wife died on May 1, 1922. At that time all the children, beneficiaries of the homestead, were more than twenty-one years of age. S. A. Herrington and the

other plaintiffs filed their suit as heirs at law of Wm. M. Herrington, on September 12, 1922, to recover the 300 acres of land which had been sold by the assignee in bankruptcy and bought by James H. Daniel. The defendants, who hold under Daniel, filed their answer, denying the right of the plaintiffs to recover, and claiming prescriptive title in themselves. On the trial the plaintiffs introduced as their chain of title a deed from Martin Herrington to Wm. M. Herrington, dated July 12, 1850, and the homestead approved March 19, 1869. Both plaintiffs and defendants claimed title under the same common grantor, Wm. M. Herrington. The defendants introduced in evidence the order of the court of ordinary of Burke County, Georgia, dated July 22, 1873, authorizing the withdrawal of the homestead granted to Wm. M. Herrington, the voluntary petition in bankruptcy of Wm. M. Herrington, and the deed from John H. Perkins, assignee in bankruptcy, to James H. Daniel, a deed from Daniel to M. F. Godbee, and deeds from M. F. Godbee to the other defendants. Oral evidence was also introduced, substantially as stated above. The court directed a verdict for the defendants. The plaintiffs made a motion for new trial, which was overruled, and they excepted.

*E. M. Price* and *W. H. Fleming,* for plaintiffs.

*E. V. Heath,* for defendants.

HILL, J. (After stating the foregoing facts.) The plaintiffs in their motion for new trial assign error upon the direction of a verdict for the defendants by the court, on the ground that the land sued for was embraced in a tract of land set apart as a homestead upon application of Wm. M. Herrington as the head of a family consisting of a wife and minor children; that the homestead was duly approved by the ordinary of Burke County on March 19, 1869, and was recorded March 26, 1869; that the title to the land is now vested in the plaintiffs in this suit on the death of the beneficiaries of the homestead; that the title to the property was never transferred to any one in any manner provided by the constitution of 1868; that the attempt of Wm. Herrington and his wife to withdraw the application for homestead after the homestead had been finally set apart was wholly illegal and the order to that effect dated July 22, 1873, was nugatory and void; and that the wife, who was the last beneficiary of the homestead, did not die until May 1, 1922, at which date the title to the property vested in the plaintiffs

as heirs' at law of Wm. Herrington. It is insisted that all purchasers of the land in controversy had constructive notice that the property had been set aside as a homestead, and that it was admitted by the defendant Mose Godbee that he had actual notice of the existence of a homestead twenty-one years ago. It is also insisted that the sale of the 300 acres of land, which was a part of the homestead set aside in 1869, under the order of the assignee in bankruptcy to James H. Daniel on February 12, 1875, was void and conveyed no title against the plaintiffs, because that land had already been set apart under the State law as a homestead and was not subject to be sold under any legal process whatsoever during the existence of the homestead, except as provided by law, it not appearing from legal evidence that the sale was made under any one of these specified exceptions. It is also insisted that the plaintiffs, who are the heirs at law of Wm. Herrington, were not entitled to possession of the land until after the death of Mary Herrington, the wife and the last beneficiary of the homestead, who died May 1, 1922, and consequently title by prescription could not begin to ripen against plaintiffs until after the death of the wife on May 1, 1922, and the present suit was filed September 1, 1922, in ample time to protect their rights under the law. We have set out the assignments of error and contentions of the plaintiffs in full; and the question to be decided is whether, under the foregoing assignments and in view of the record, the court erred in directing a verdict for the defendants.

The constitution of 1868 (art. 7, sec. 1) provided: "Each head of a family, or guardian or trustee of a family of minor children, shall be entitled to a homestead of realty to the value of two thousand dollars in specie, and personal property to the value of one thousand dollars in specie, both to be valued at the time they are set apart. And no court, or ministerial officer in this State, shall ever have jurisdiction or authority to enforce any judgment, decree, or execution against said property so set apart, including such improvements as may be made thereon from time to time, except for taxes, money borrowed and expended in the improvement of the homestead, or for the purchase-money of the same, and for labor done thereon, or material furnished therefor, or removal of encumbrances thereon. And it shall be the duty of the General Assembly, as early as practicable, to provide, by law, for the setting

apart and valuation of said property, and to enact laws for the full and complete protection and security of the same to the sole use and benefit of said families as aforesaid." On October 3, 1868, the legislature passed an act (Acts 1868, p. 27) providing for the setting apart of a homestead of realty and personalty, etc., which in part is as follows: "That each head of a family, or guardian or trustee of a family of minor children, shall be entitled to a homestead of realty of the value of two thousand dollars in specie, and personal property to the value of one thousand dollars in specie, both to be valued at the time they are set apart; and no court or ministerial officer of this State shall ever have jurisdiction or authority to enforce any judgment, decree, or execution against said property so set apart, including such improvements as may be made thereon from time to time, except for taxes, money borrowed and expended in the improvement of the homestead, or for the purchase-money of the same, and for labor done thereon, or for material furnished therefor, or removal of encumbrances thereon, provided the same shall have been set apart and valued as hereinafter provided," etc.

It has been held by this court that debts and liens created prior to the constitution of 1868 are good as against a homestead which was applied for and set apart under the constitution of 1868. In the case of *Jones* v. *Brandon, 48 Ga.* 593, this court held, that, "Under the decision of the Supreme Court of the United States, in the case of Gunn *v.* Barry, the homestead clause of the constitution of 1868 is in violation of the constitution of the United States in so far as it authorizes the homestead and exemption therein provided for to be set up against contracts made before the adoption of said constitution of 1868." In delivering the opinion of the court Judge McCay said: "It is true that the decision [Gunn *v.* Barry, 82 U. S. 610, 21 L. ed. 212] alluded to does say that the effect of the constitution of 1868 is to divest a vested right in Gunn, but that must be taken as only collateral to the main point. The right of the Supreme Court to pass upon the question at all depends entirely upon the supposed antagonism between the homestead law and that clause of the constitution of the United States which declares that no State shall pass any law impairing the obligation of contracts." In Gunn *v.* Barry, supra, the Supreme Court of the United States had held, prior to the decision in the *Jones* case,

supra: "That, as respected a creditor who had obtained by his judgment a lien on the land which the old exemption secured to him while the new one destroyed it, the law creating the new exemption impaired the obligation of a contract, and was unconstitutional and void." In *Bush* v. *Lester,* 55 *Ga.* 579 this court held, that, "When the lien is that of a judgment which was rendered prior to 1868, the increased exemptions provided for by the present constitution will not hold against it." Judge Bleckley, in rendering the opinion of the court in the *Bush* case, said: "By the laws of Georgia a judgment has a lien from its date upon all the property of the defendant: Code, § 3580" (§ 5946). And see *Stuckey* v. *Watkins,* 112 *Ga.* 268 (2), 269 (37 S. E. 401, 81 Am. St. R. 47).

The homestead clause of the constitution of 1868 of the State of Georgia, and the act of 1868 (Acts 1868, p. 27) passed in pursuance thereof, were in violation of the constitution of the United States prohibiting the passage of laws impairing the obligation of contracts, in so far as they authorized the homestead and exemption therein provided for to be set up against contracts made before the adoption of the State constitution. The homestead of 1869 was therefore void as against the judgment liens based on contracts, obtained against the head of the family, Wm. M. Herrington, in 1867; and without deciding whether the order of the ordinary allowing Herrington to withdraw the application and the homestead set apart to him as head of a family in 1869 was valid, we hold that the assignee in bankruptcy could administer the assets of the bankrupt, Herrington, including the homestead property, for the benefit of the judgment creditors of 1867; and when the assignee sold three hundred acres of the alleged homestead property for that purpose, the purchaser obtained whatever title Herrington had in the three hundred acres of land sold. It follows, under the facts of the case, that Godbee, who bought from the purchaser at the assignee's sale, and those holding under Godbee, would also obtain a like title. It makes no difference that Godbee had notice of the homestead of 1869 when he bought the land. The homestead was void as against judgment liens obtained against Herrington in 1867, before the homestead of 1869 was set apart. See authorities supra.

The bankruptcy court, under the bankruptcy act of 1867, was a court of general jurisdiction for the administration of the estates of bankrupts. The property in dispute was administered by that court through the assignee of the bankrupt under an order of the register in bankruptcy, under a judgment of the bankruptcy court ordering the sale of this property. It will be presumed that all necessary facts existed which gave that court jurisdiction of the subject-matter, and which were necessary to exist in order to render the judgment ordering the sale of this property valid and binding. This presumption in favor of the regularity of this judgment increases with the lapse of years, and every reasonable presumption of fact will be conclusively indulged in order to sustain the rights asserted under this judgment. *Copelan* v. *Kimbrough,* 149 *Ga.* 683, 692 (102 S. E. 162). The plaintiffs in this case, suing as heirs at law of the bankrupt, are bound by that judgment, which is conclusive both on the ancestor and heirs. It follows also that there is no merit in the contention that the assignee could not sell the three hundred acres of land for the benefit of the creditors of the bankrupt.

As the foregoing is controlling of the case, it is unnecessary to decide whether the present suit was filed in time, i. e., within the statute of limitations, or prescription. The plaintiffs are not now claiming as beneficiaries of the homestead set aside to their father in 1869, but they are suing as his heirs at law after the termination of the homestead to recover this as his property. Clearly the sale of the assignee in bankruptcy covered the reversionary interest or the ancestor. What we hold is, that the plaintiffs cannot recover at all under the law as applicable to the facts of this case, and that the court did not err in directing a verdict for the defendants. Civil Code (1910), § 5926.

*Judgment affirmed. All the Justices concur.*