EDWARDS *v.* MAYOR & ALDERMEN OF MILLEDGEVILLE.

No. 10739. June 13, 1935.

*McCullar & McCullar,* for plaintiff.

*Hines & Carpenter,* for defendant.

Bell, Justice. C. G. Edwards sued the City of Milledgeville for three months' salary as a police officer, alleging in effect that in February, 1929, he was duly elected by the mayor and council as night policeman for the remainder of the calendar year 1929, and that he was wrongfully discharged on September 30. After several terms, the court sustained an oral motion to dismiss the petition, and the plaintiff excepted. The bill of exceptions was made returnable to this court. The judgment was excepted to generally as being contrary to law, and specifically upon the alleged ground that a certain provision of the city charter of Milledgeville as to the dismissal of officers is unconstitutional and void as contravening stated provisions of the Federal and State constitutions. So far as appears, the statute was not attacked before judgment but was challenged for the first time in the bill of exceptions.

In *Brown* v. *State,* 114 *Ga.* 60 (2) (39 S. E. 873), it was said: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." See also *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *Conyers* v. *Luther Williams Banking Co.,* 162 *Ga.* 350 (133 S. E. 862), and cit. In *Loftin* v. *Southern Security Co.,* 162 *Ga.* 730 (3) (134 S. E. 760), this court held as follows: "Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." In *Dunaway* v. *Gore,* 164 *Ga.* 219, 230 (138 S. E. 213), the following statement was

made: "Indeed it may be said that under the provision of our constitution, art. 6, sec. 2, par. 5 (Code, § 6502), which provides that the Supreme Court 'shall be a court alone for the correction of errors,' this court would in no event have jurisdiction to consider the merits of any question which is either intentionally or unintentionally omitted in the trial court. It is upon errors alleged by the complaining party to have been committed in the court below that this court must confine itself." It follows that no constitutional question is presented in the instant case. Nor is there any other ground upon which jurisdiction may be taken by this court. The Court of Appeals, and not the Supreme Court, has jurisdiction.

*Transferred to the Court of Appeals. All the Justices concur.*