WILLIAMS *et al. v.* O'CONNOR *et al.*

No. 17404. SUBMITTED FEBRUARY 12, 1951—DECIDED APRIL 9, 1951—REHEARING DENIED MAY 16, 1951.

40

*Earle Norman* and *L. C. Groves,* for plaintiffs in error.

*Nathaniel E. Parker Jr.,* and *Grant, Wiggins, Grizzard & Smith,* for persons at interest.

*Clement E. Sutton,* contra.

DUCKWORTH, Chief Justice. ■ The debt secured by the deed to secure debt was more than 20 years past due when this suit was filed. The special ground of the motion for new trial complains of the ruling which allowed the plaintiffs to introduce this deed in evidence over the objection then urged that title to the land had reverted to the grantor and, consequently, the deed was irrelevant and prejudicial. By the 1941 act (Ga. L. 1941, pp. 487-489) it is provided that after May 1, 1943, any unforeclosed deed to secure debt in existence May 1, 1942, is subject to the act, and that, when the debt secured by such deed is more than 20 years past due, title conveyed by the deed shall revert to the grantor. The act further denies any right to foreclose, to sell under such deed, or to sue for the land therein.

This act of the legislature is presumed to be valid until and unless it is held invalid by a court when attacked in that court in the manner prescribed by law. It clearly applies to the deed here involved, and, since by its express provisions title in that deed had reverted to the grantor, the deed had ceased to be a valid conveyance of the land. Therefore, the deed should have been excluded, and it was error to allow its introduction in evidence over the objection.

The brief of counsel in this court strongly assails the 1941 act upon constitutional grounds and contends that, since the act is for those reasons unconstitutional and void, the deed was perfectly valid, and it was not error to allow its introduction in evidence. This court has repeatedly held that the constitutionality of a law can not be passed upon by the Supreme Court unless it has been first raised in the trial court by showing wherein the law offends specified portions of the Constitution and a ruling of the trial court has been made thereon. *Morris* v. *State,* 200 *Ga.* 471 (37 S. E. 2d, 345), and cases cited. There was no such attack made upon the 1941 act, and, accordingly, it follows that the act is presumed valid and the deed was invalid as evidence of title. Therefore, the court erred as contended in allowing it to be introduced in evidence.

■ Since the deed dealt with in the preceding division is the source of the plaintiffs' title, and since we there held that it was, under the 1941 act, no evidence of title—thus holding that the plaintiffs failed to prove title to the land claimed—that ruling alone would require a reversal on the general grounds, since the verdict for the plaintiffs was not authorized by the evidence. But the reversal means that there will likely be another trial, and therefore it seems that we should rule upon other questions, presented by the general grounds, for the guidance of the trial court in that trial.

The petitioners elected to bring their action in the common-law or fictitious form of ejectment. The case must therefore be tried in conformity with the rules of law applicable to that procedure. All demises are laid on January 1, 1930. To enable the plaintiffs to recover, since the plea of not guilty controverted their title to the premises, it was incumbent upon them to prove that they had legal title to the property in dispute *at the time*

*laid in the declaration,* to wit, January 1, 1930. *Scisson* v. *Mc-Laws,* 12 *Ga.* 166; *Foster* v. *Stapler,* 64 *Ga.* 766; *Roberts* v. *Tift,* 136 *Ga.* 901 (72 S. E. 234). This was not shown, but, on the contrary, it was shown that title on that date was in Thomas O'Connor and remained in him until his death in 1938. The evidence on this point demanded a verdict for the defendants.

A further ground for reversal is that there was no proof of assent by the executors to any legacy, nor was there any proof that there was no administration or that the administrator had consented to the bringing of this suit by the heirs. While there is no evidence to show whether the plaintiffs are claiming as legatees or as heirs, they could not prevail as legatees because assent to the legacies is not shown. Code, § 113-801; *Peoples National Bank* v. *Cleveland,* 117 *Ga.* 908 (44 S. E. 20); *Willingham* v. *Watson,* 165 *Ga.* 870 (142 S. E. 458); *Walker* v. *Horton,* 184 *Ga.* 429 (191 S. E. 462); *American Telephone & Telegraph Co.* v. *Smith,* 196 *Ga.* 626 (27 S. E. 2d, 305). They could not prevail as heirs because they neither show that there is no administration nor that the administrator has consented to their bringing this suit. *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44); *Clark* v. *Woody,* 197 *Ga.* 683 (30 S. E. 2d, 181); *Bowman* v. *Bowman,* 206 *Ga.* 262 (56 S. E. 2d, 497). These deficiencies in the evidence demanded a verdict for the defendants. It follows that the general grounds should have been sustained, and the court erred in overruling the motion for new trial as amended.

*Judgment reversed. All the Justices concur.*