19850.  McELROY *et al. v.* McCORD, by Next Friend.

DUCKWORTH, Chief Justice.  1. By reason of the failure of the act (Ga. L. 1955, p. 454) to require, as a condition precedent to the liability of the owner of the motor vehicle therein referred to, knowledge of said owner, there may be very serious doubt as to the constitutionality of the act under Art. 1, Sec. 1, Par. 3 of the Constitution (Code, Ann., § 2-103); but since such constitutional question was not raised in and ruled upon by the trial court, this court can not consider it but must treat the act as being valid.

2. In alleging personal injuries suffered as a result of the negligent operation of defendant's motor vehicle while it was being used in the prosecution of defendant's business, the petition alleges a cause of action under the 1955 act cited above, and the Court of Appeals did not err in reversing the judgment of the trial court, which sustained a general demurrer and dismissed the petition. The act having clearly and plainly made the owner liable when the vehicle is thus negligently operated for his benefit, it is unambiguous and not open to any other construction. See *Neal v. Moultrie,* 12 *Ga.* 104, 110; *Williams v. Lane,* 193 *Ga.* 306, 312 (18 S. E. 2d 481); *Nixon v. Nixon,* 196 *Ga.* 148, 155 (26 S. E. 2d 711); *Cartersville Candlewick Inc. v. Huiet,* 204 *Ga.* 609, 615 (50 S. E. 2d 647).

3. It would be futile to refer here to decisions rendered before the 1955 act since that act repealed by implication all existing conflicting law, and decisions that conflict with the act are irrelevant here.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*E. C. Harvey, Jr.*, for plaintiffs in error.
*John L. Respess, Jr., F. L. Breen*, contra.