## 20416. TODD *v.* MORGAN.

MOBLEY, Justice. When this case was here before (*Morgan v. Todd*, 214 *Ga.* 497, 106 S. E. 2d 37), it was held that the petition alleged a cause of action, and that the trial court erred in dismissing it on demurrer. Upon return of the case to the trial court, the plaintiff amended her petition by alleging that the deed to secure debt was recorded September 15, 1932, and that the 1942 note matured five years after date, or January 26, 1947. She further amended her petition by striking the words "Code Section 67-1308," and inserting in lieu thereof "laws passed by the legislature of said State of Georgia approved March 27, 1941, and contained in the acts of the legislature of 1941 beginning at page 487 and as amended by the acts of the legislature of 1953, and contained in Georgia Laws of 1953, November session, pages 313, 314," which changed her attack upon the constitutionality of the Code section to an attack upon the constitutionality of the act itself. The petition as amended properly raised the constitutional question. Upon the conclusion of the evidence, both parties made a motion for a directed verdict, and the trial court directed a verdict for the plaintiff. Exception is to that judgment and to the judgment denying the motion of the defendant for a judgment notwithstanding the verdict. *Held:*

1. The constitutionality of section 1 of the act of 1941 as amended by the act of 1953 (Ga. L. 1941, pp. 487, 488; Ga. L. 1953, Nov.-Dec. Sess., pp. 313-315; Code, Ann., § 67-1308) was squarely before the court. If constitutional, then, under the petition as amended, title had reverted to the grantor in the deed to secure debt, and the defendant's title based upon title in the grantor was good; if unconstitutional, there was no reversion and title was in the grantee, the plaintiff in this proceeding. ". . . A court . . . will ordinarily be presumed to have passed on all the questions properly presented which under its own ruling it was possible for it to adjudge . . ." *South View Cemetery Assn.* v. *Hailey,* 199 *Ga.* 478, 483 (34 S. E. 2d 863). ". . . It is a well recognized rule that if a judgment is right for any reason it should be affirmed." *Guffin* v. *Kelly,* 191 *Ga.* 880, 890 (14 S. E. 2d 50), and cases cited. See also *Summerlin* v. *Hesterly,* 20 *Ga.* 689 (3) (65 Am. Dec. 639); *Crittenden* v. *Southern Home Bldg. &c. Assn.,* 111 *Ga.* 266 (5) (36 S. E. 643); and *Coker* v. *City of Atlanta,* 186 *Ga.* 473 (1) (198 S. E. 74). Although the trial judge in arriving at this judgment, gave no reasons therefor and may have, as counsel contend, based it upon other reasons than the unconstitutionality of the act, his judgment was correct, as section 1 of the act (Code, Ann., § 67-1308), as applied to the facts in this case, is unconstitutional. The question of the constitutionality of the act is properly before this court for review.

2. We are of the opinion that section 1 of the act of 1941 as amended by the act of 1953 (Ga. L. 1941, pp. 487, 488; Ga. L. 1953, pp. 313-315; Code, Ann., § 67-1308), as applied to the deed to secure debt in this case, which was executed prior to the passage and effective date of the act, is unconstitutional, because in violation of art. 1, sec. 10 of the Constitution of the United States (Code § 1-134) and of art. 1, sec. 3, par. 2, of the Constitution of Georgia (Code, Ann., § 2-302), which prohibit this State from passing any retroactive law or any law impairing the obligations of contracts. At the time of the execution of this deed to secure debt, Code § 67-1301 was in force in this State. It provides, among other things, that ". . . such conveyance of real or personal property shall pass the title of said property to the grantee until the debt or debts which said conveyance was made to secure shall be fully paid, and shall be held by the courts to be an absolute

conveyance . . ." This court in numerous decisions has held that a grantee in a deed to secure debt has legal title to the property which will support an action in ejectment. *Oellrich* v. *Georgia R.,* 73 *Ga.* 389; *Marshall* v. *Carter,* 143 *Ga.* 526 (3) (85 S. E. 691); *Capps* v. *Smith,* 175 *Ga.* 795 (5) (166 S. E. 234). The provisions of Code § 67-1301 became a part of the contract. *Winter* v. *Jones,* 10 *Ga.* 190 (5) (54 Am. Dec. 379); *Herrington* v. *Godbee,* 157 *Ga.* 343, 347 (121 S. E. 312); *West* v. *Anderson,* 187 *Ga.* 587, 588 (1 S. E. 2d 671). Thus, the grantee in the deed to secure debt, under her contract, held legal title to the land, which would remain in her until the debt was paid. The uncontradicted evidence is that the debt in this case had not been paid. She had a vested right in the property. Under the terms of her contract, her title would be divested only upon payment of the debt. Code (Ann.) § 67-1308, providing that her title should revert to the grantor when the debt became 20 years past due, unless the debt was extended or renewed and such renewal recorded, or an affidavit setting out the facts of the renewal was recorded with the conveyance, imposed conditions upon her not in existence at the time of the execution of her contract, divested her of her vested right to the property, and impairs the obligation of her contract. "A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character. *Hasbrouck* v. *Milwaukee,* 13 Wis. 39 (80 Am. D. 718); *Evans* v. *Denver,* 26 Colo. 193; *Chicago B. & Q. Railroad Co.* v. *State,* 47 Neb. 549 (41 L. R. A. 481, 66 N. W. 624, 53 Am. St. R. 557); *State* v. *Whittlesey,* 17 Wash. 447 (50 Pac. 119); *Maxwell* v. *Goetschius,* 40 N. J. L. 383 (29 Am. R. 242). Mr. Justice Story, in the case of the *Society for Propagating the Gospel* v. *Wheeler,* 2 Gall. 139 (Fed. Cas. 13156), thus defines a retroactive law: 'Upon principle every statute which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past, must be deemed retrospective.' This

definition has been adopted in Raisden v. Holden, 15 Ohio St. 207, and Sturges v. Carter, 114 U. S. 511 (5 Sup. Ct. 1014, 29 L. ed. 240)." Ross v. Lettice, 134 Ga. 866, 868 (68 S. E. 734, 137 Am. St. Rep. 281). The plaintiff in error relies strongly upon Tucker v. Harris, 13 Ga. 1 (58 Am. Dec. 488), and Boston & Gunby v. Cummins, 16 Ga. 102 (60 Am. Dec. 717). At the time these cases were decided in 1853 and 1854, there was no constitutional inhibition against the passage of retroactive laws, nor had Code § 102-104, providing that "Laws prescribe only for the future; they cannot impair the obligation of contracts, nor, usually, have a retrospective operation," been enacted. The Constitution of 1798 which was then in force contained no such provision. The passage of retroactive laws was forbidden by the Constitution of 1877 and was continued in the Constitution of 1945. Thus, Tucker v. Harris, 13 Ga. 1, supra, and Boston & Gunby v. Cummins, 16 Ga. 102, supra, are distinguishable from the case at bar, for, when the act of 1941 and the amendment in 1953 were passed, the passage of retroactive laws was forbidden. Furthermore, as pointed out in Walker County Fertilizer Co. v. Napier, 184 Ga. 861, 866 (193 S. E. 770), Judge Lumpkin's language in Tucker v. Harris, supra, that, ". . . registry acts having a retrospective operation have never been considered as falling within the constitutional inhibition against ex post facto laws and laws impairing the obligation of contract," was obiter. Also, the court there held that the statute in question merely declared what was already the law at the time of the execution of the deeds, and, for that reason, was not retroactive as to deeds executed prior to its passage. So far as we are able to determine, in none of the cases from other jurisdictions relied upon by the plaintiff in error had title vested in the grantee under a deed to secure debt, which could not be divested except by payment of the debt, as is true in this case. See Thomas v. Stedham, 208 Ga. 603, 606 (68 S. E. 2d 560).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1959—DECIDED JUNE 5, 1959—REHEARING DENIED JULY 8, 1959 AND JULY 23, 1959.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* for plaintiff in error.

*James Maddox,* contra.

### On Motion for Rehearing.

In his motion for rehearing, the plaintiff in error contends that this court overlooked certain cases and failed to apply the rule enunciated therein, to wit: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge"; that those cases are controlling as authority and require a different judgment from that rendered. We did not overlook those cases; nor are the judgments in those cases controlling here. The first of the three cases cited, *Yarbrough* v. *Georgia R. & Bkg. Co.*, 176 *Ga.* 780 (1) (168 S. E. 873), is not a full-bench decision and would not be controlling. Furthermore, in that case the trial court expressly sustained the general demurrer on the ground that the petition disclosed such negligence on the part of the deceased as to bar a recovery for his homicide. The case was disposed of by the trial court without reaching the constitutional question; and this court, since no constitutional question was properly before it, transferred the case to the Court of Appeals. In the next case, *Williams* v. *O'Connor*, 208 *Ga.* 39 (64 S. E. 2d 890), no constitutional attack was made in the pleadings upon the act in question, but such attack was raised for the first time in the brief of counsel for the plaintiff in error. In the other case relied upon (*McElroy* v. *McCord*, 213 *Ga.* 695 (1), 100 S. E. 2d 880), no constitutional question was raised. In the opinion, this court merely pointed out that ". . . there may be very serious doubt as to the constitutionality of the act . . . but since such constitutional question was not raised in and ruled upon by the trial court, this court cannot consider it but must treat the act as being valid." We have reviewed numerous additional cases in which this court has stated the rule that it will never pass upon the constitutionality of an act unless it clearly appears in the record that the question was properly made in the court below and distinctly passed upon by the trial judge. But in every case, the record discloses that the question was not properly raised in the trial court. In the early case of *Savannah F. & W. R. Co.* v. *Hardin*, 110 *Ga.* 433, 437 (35 S. E. 681), in which no constitutional question was raised in the trial court, it was stated: ". . . this court should never pass upon the constitutionality of a legislative act un-

less it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." That statement was repeated in *Brown* v. *State*, 114 *Ga.* 60 (2) (39 S. E. 873), another case in which the constitutionality of the act was not questioned in the court below; and the rule has since been stated again and again in cases in which no constitutional question was raised in the trial court. In this connection, see *Laffitte* v. *Burke*, 113 *Ga.* 1000 (39 S. E. 433); *State* v. *Henderson*, 120 *Ga.* 780, 781 (48 S. E. 334); *Griggs* v. *State*, 130 *Ga.* 16 (60 S. E. 103); *Georgia & Fla. Ry.* v. *Newton*, 140 *Ga.* 463, 466 (79 S. E. 142); *Herndon* v. *State*, 179 *Ga.* 597, 600 (176 S. E. 620); *Edwards* v. *Mayor &c. of Milledgeville*, 180 *Ga.* 725 (180 S. E. 612); *Bentley* v. *Anderson-McGriff Hardware Co.*, 181 *Ga.* 813 (184 S. E. 297); *West* v. *Frick Co.*, 183 *Ga.* 182 (187 S. E. 868); *Singleton* v. *State*, 196 *Ga.* 136, 140 (26 S. E. 2d 736); *Brunswick Peninsular Corp.* v. *Daugharty*, 203 *Ga.* 454, 456 (47 S. E. 2d 275); *Calhoun* v. *State*, 211 *Ga.* 112, 113 (84 S. E. 2d 198). We find no case, nor has counsel cited any, in conflict with the ruling here made that, where a constitutional question is properly raised in the trial court, and the judgment of the trial court is correct because the act is unconstitutional, this judgment will be affirmed, even though the trial judge in his ruling gave no reason for his judgment and did not expressly state that he found the act unconstitutional. See *Fields* v. *Arnall*, 199 *Ga.* 491, 495 (34 S. E. 2d 692), where this court ruled as follows: "It is the rule of this court that constitutional questions will not be decided when a decision in the case can be reached upon other grounds. *Great Atlantic & Pacific Tea Co.* v. *Columbus*, 189 *Ga.* 458, 465 (6 S. E. 2d 320). However, where, as here, the general demurrer was sustained, it will be presumed that all of the grounds were sustained, and the effect of such ruling was to adjudicate in favor of the demurrant the constitutional question."

*Motion for rehearing denied. All the Justices concur.*