21935. DAVIS et al. v. HUNT, Commissioner, et al.

Head, Presiding Justice. The Superior Court Clerk's Retirement Fund Act of 1952 (Ga. L. 1952, pp. 238-243) did not provide for a pension payable to the widow or widower of a deceased clerk. By an act approved February 16, 1962 (Ga. L. 1962, pp. 67-69), the 1952 act, as amended, was again amended. A new section was enacted, to be known as "9A", which provides in part as follows: "In the event the clerk has retired under the provisions of this Act and dies leaving a widow or widower, such widow or widower shall receive a monthly sum during his or her lifetime equal to fifty (50%) per cent of the amount such retired clerk was receiving. In the event any clerk has not retired under the provisions of this Act but is eligible to do so and dies, his widow or her widower shall receive a monthly sum during his or her lifetime equal to fifty (50%) per cent of the amount such clerk would have received had he or she retired. In order to receive such benefits, any such widow or widower must be at least fifty-five (55) years of age and must have been married to said clerk for at least four (4) years immediately preceding his or her death. In the event any such widow or widower remarries, he or she shall cease to be entitled to receive any such benefits and no such benefits shall be paid to him or her thereafter. The above provisions of this section shall apply to any such widow or widower whose husband or wife dies after the effective date of this Act or who died prior to the effective date of this Act." Section 10 of the original act of 1952, pertaining to the withdrawal of funds, was modified by the amendatory act of 1962. *Held*:

1. Art. I, Sec. III, Par. II of the Constitution of 1945 (*Code Ann.* § 2-302) prohibits the passage of a "retroactive law, or law impairing the obligation of contracts." A statute is retroactive which creates a new obligation on transactions or considerations already past. *Ross v. Lettice,* 134 Ga. 866 (68 SE 734, 137 ASR 281); *Morris v. Interstate Bond Co.,* 180 Ga. 689, 693 (180 SE 819, 100 ALR 415); *Renfroe v. Butts,* 192 Ga. 720, 724 (16 SE2d 551); *Murphey v. Murphey,* 215 Ga. 19, 22 (108 SE2d 872); *Todd v. Morgan,* 215 Ga. 220, 223 (109 SE2d 803). " 'A constitutional act of the legislature is equivalent to a contract, and when performed, is a

contract executed; and whatever rights are thereby created, a subsequent legislature cannot impair.' *Winter v. Jones,* 10 Ga. 190 (5) (54 Am. D. 379) ; *Herrington v. Godbee,* 157 Ga. 343, 347 (121 S. E. 312), and cit." *West v. Anderson,* 187 Ga. 587, 588 (1 SE2d 671). See also *Franklin v. Mayor &c. of Savannah,* 199 Ga. 426, 429 (34 SE2d 506).

2. Under the former rulings of this court herein cited, Sections 2 and 3 of the amendatory act of 1962 (Ga. L. 1962, pp. 67-69), adding Section 9A, and amending Section 10 of the Act of 1952 (Ga. L. 1952, pp. 238-243), violate the constitutional prohibition against enactment of retroactive laws and laws impairing the obligations of contracts, and the trial court did not err in so ruling.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1963—DECIDED FEBRUARY 7, 1963.

*Charles A. Pannell, Walter H. Bolling,* for plaintiffs in error. *Ernest McDonald, Adams & McDonald,* contra.

