[No. 2077.   Decided July 7, 1896.]

THE STATE OF WASHINGTON, *Respondent*, *v.* JOSEPH CARTER, *Appellant*.

HOMICIDE — INSTRUCTIONS — SELF-DEFENSE — APPARENT   DANGER — DUTY OF ASSAULTED TO RETREAT — CREDIBILITY OF WITNESS.

The fact that the court explains to the jury the nature and legal effect of defendant's plea is not open to the objection that it is a judicial comment on the facts instead of the law.

The fact that the court charges the jury in one place in its instructions that the defendant claims the homicide was in self-defense on the part of defendant, "to prevent death to himself or serious bodily injury," is not prejudicial when other parts of the instructions make it clear that the defendant had the right to act upon apparent, as distinguished from actual, danger.

Where the court in the course of a charge to the jury. states plainly and emphatically that the defendant might invoke the law of self-defense to protect his life or person from great "bodily harm," it is not prejudicial error to also charge that "there can be no successful setting up of self-defense by a defendant unless . . . to save his own life or his person from *dreadful* harm or severe calamity."

While an instruction, in a case of homicide, may be so inapt as to imply that it was the duty of defendant to have retreated when assaulted, unless it would have been more hazardous to have done so, it can not be held prejudicial when the jury are also charged "that a person being where he had a right to be and without fault is violently assaulted, may, without retreating, repel force by force."

A charge to the jury that they are warranted in disregarding the testimony of any witness if they believe that he has wilfully testified falsely to any matter is not prejudicial, when the error of the court in not stating that the falsity should be in a material matter was not raised by the exception taken, nor the court's attention called to the inadvertence at the time.

Appeal from Superior Court, King County. — Hon. CARROLL B. GRAVES, Judge.   Affirmed.

*Brady & Gay*, and *McBride Bros.*, for appellant.

*A. W. Hastie*, Prosecuting Attorney, and *J. T. Ronald*, for The State.

The opinion of the court was delivered by

GORDON, J.—The appellant was convicted in the superior court of King county of the crime of manslaughter, and sentenced to imprisonment in the state penitentiary at Walla Walla for a period of ten years, from which judgment and sentence he has appealed.

The information upon which he was tried charged him with the murder of one Charles D. Ling. The deceased—a Chinaman—was cook, and the appellant was a deck hand on the steamer Idaho, plying between the city of Seattle and down sound ports. It appears from the record that the appellant complained of the quality of the coffee served by the deceased at the mess table on the morning of the fatal encounter. Angry words ensued and the appellant left the table and went toward the galley (within which the deceased was stationed), with the intention, as appellant says, of securing his hat which he had left near the galley door, and entering complaint with the master of the boat against the cook. The state's theory, however, is that his object was to assault the deceased. It seems that the parties came together just within the galley door at a point where they could not be seen by other employees then breakfasting. The affray terminated in the death of the deceased, resulting from a wound inflicted upon him with a butcher knife in the hands of appellant.

The errors relied upon for reversal are, first, that the evidence is insufficient to justify the verdict, and second, that the court erred in its charge to the jury.

1. We have examined the record carefully and

think that the verdict is not without sufficient legal evidence to support it. It accords with the theory of the state and there was abundant testimony advanced in support of that theory.

2. It is alleged by counsel for appellant that the court erred in giving the following instruction :

"The defendant invokes the law of self-defense and claims that said killing was done necessarily and in the necessary defense of his person or to prevent death to himself or serious bodily injury on the part of the deceased."

The objection is that it is an "instruction upon the facts instead of the law." Also that it is in conflict with that part of the charge "that only holds the defendant responsible for apparent danger."

We think neither of these objections is well taken. We think there was no impropriety in the court's explaining to the jury the nature and legal effect of defendant's plea; and the latter portion of the instruction must be considered in the light of the entire charge, and when so considered it is plain that the jury were given to understand that it was the right of the defendant to act upon the "apparent," as distinguished from the "actual" danger. In fact, the court expressly charged that —

"A person need not be in actual imminent peril of his life or great bodily harm before he may defend himself. It is sufficient if in good faith he has a reasonable belief from the facts, *as they appear to him at the time*, that he is in imminent danger; if he honestly believes such to be the case then he had a right to act in self-defense."

Further :

"The term 'apparent danger' is to be understood as meaning not apparent danger in fact, but apparent danger as to defendant's comprehension; that is, did

the defendant believe there was an apparent danger of being killed or of great bodily harm being inflicted upon his person at the time of the alleged stabbing."

3. Complaint is also made that the court erred in the following charge :

"There can be no successful setting up of self-defense by a defendant unless the taking of his adversary's life is the only reasonable resort of the party to save his own life or his person from dreadful harm or severe calamity, felonious in its character."

It would have been better had the court not used the word "dreadful," but we do not think that its use was prejudicial to the defendant. The court had already twice told the jury that the defendant might invoke the law of self-defense to protect his life or person from great "bodily harm," and this was emphatically stated to the jury at several subsequent points in the instructions.

4. Another portion of the charge complained of is as follows:

"Where a man without fault on his part is suddenly and violently assaulted under such circumstances as to induce in his mind an honest and reasonable ground of apprehension that he is in danger of life or limb, and the assault is of such fierceness as to make an attempted retreat even more hazardous, he may at once use necessary force to prevent the threatened blow."

It is contended that this was in effect telling the jury that it was the duty of the appellant to have retreated unless it would have been more hazardous to have done so. The instruction was inapt, and in a sense misleading, and if it stood alone we would not hesitate, upon the authority of *State v. Cushing*, 14 Wash. 527 (45 Pac. 145), to condemn it, but in this connection, and upon the subject of retreat, the court

expressly told the jury that "where one is assaulted in a place where he has a right to be *he does not need to retreat or run, but may stand his ground and defend himself even to the extent of taking human life,"* and in a later part of the charge the court again adverts to the subject, saying "that a person being where he had a right to be and without fault is violently assaulted, may, without retreating, repel force by force."

Nothing is better settled than that the meaning and force of instructions are not to be determined by selecting detached portions of the charge, but all that is said upon a particular subject must be considered, and the application of this rule to the charge now under consideration does no violence to the rule pertaining to inconsistent instructions.

5.   It is also claimed that the court erred in charging as follows:

"I charge you, gentlemen, that you will be slow to believe that any witness has wilfully testified falsely, but if you believe that any witness in this case has wilfully testified falsely to any matter, then you are at liberty to disregard his testimony entirely except in so far as the same may be corroborated by other credible testimony in the case."

This instruction was technically incorrect in that it omits the word "material," but we do not think that the error is of sufficient gravity to warrant a reversal of the judgment.   It was clearly a mere inadvertence, and the attention of the trial court should have been called to it at the time; but this was not done.   Neither was the character of the exception such as to indicate the error relied upon.

Other errors predicated upon the charge have been considered but we deem none of them of enough importance to require particular notice.   A careful consideration of the entire charge satisfies us that it was,

in every phase of the case, fair to the defendant, and did not prejudice any substantial right to which the law entitled him. It follows that the judgment and sentence must be affirmed.

HOYT, C. J., and DUNBAR, ANDERS and SCOTT, JJ., concur.