[No. 9917.   Department One.   December 28, 1911.]

THE STATE OF WASHINGTON, *Respondent*, v.

HENRY BOWINKELMAN, *Appellant*.[1]

HOMICIDE — SELF-DEFENSE — INSTRUCTIONS.   Under Rem. & Bal. Code, § 2406, defining justifiable homicide in self-defense where there is reasonable ground to apprehend great personal injury etc., it is not error against the defendant to instruct as to the right of self-defense "if the defendant believes and has reasonable ground to believe" that the killing was necessary to protect himself from great personal danger; as the instruction is more liberal to the defendant than the law, and the "reasonable ground to apprehend" must be such as to produce an honest belief of the existence of danger.

CRIMINAL LAW—APPEAL—REVIEW—INSTRUCTIONS—REQUESTS.   Error in failing to give instructions as to the right of self-defense cannot be urged in the absence of any request therefor.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered May 1, 1911, upon a trial and conviction of manslaughter.   Affirmed.

*Frank A. Luse* and *H. J. Snively*, for appellant.

*J. Lenox Ward* and *Harold B. Gilbert*, for respondent.

PARKER, J.—This defendant was charged by information in the superior court for Yakima county with murder in the first degree, by the killing of John Meeboer.   Upon a trial before the court and a jury, the defendant was convicted of manslaughter, from which he has appealed to this court.

Upon the trial, evidence was introduced in behalf of appellant tending to show that the homicide was justifiable, in that it was committed by appellant in lawfully defending himself against an assault made upon him by the deceased. This called for instructions to the jury upon the law of justifiable homicide.   Touching the grounds of apprehension of

[1]Reported in 119 Pac. 824.

danger upon which the defendant might kill his assailant, the court instructed the jury as follows:

"A person attacked at a place where he has a right to remain need not retreat, but may repel force by force in a defense of his person against one whom at the time is actually, or apparently, intending or endeavoring, unlawfully, to kill him or to inflict upon him great personal injury, and in such defense the assailed may lawfully meet the attack made upon him in such a way and with such force as under the circumstances he at the moment honestly believes, and has reasonable grounds to believe, are necessary to save his own life or to protect himself from great personal injury; and in such defense the assailed may lawfully kill the assailant, if at the time he is actually or apparently in imminent danger of death or great personal injury at his assailant's hands, and if, under all the circumstances, he honestly believes, and has reasonable grounds to believe, such killing to be necessary to save his own life or to protect him from great personal injury."

This instruction is the same as one approved by this court in *State v. Churchill*, 52 Wash. 210, 100 Pac. 309. It is here conceded by counsel for appellant that, had there been no change in our law relative to justifiable homicide since the deciding of that case, the instruction given in this case would not be erroneous. The new criminal code, which has become the law since the decision of the *Churchill* case, provides as follows:

"Homicide is also justifiable when committed either—(1) In the lawful defense of the slayer, or his or her husband, wife, parent, child, brother or sister, or of any other person in his presence or company, when there is reasonable ground to apprehend a design on the part of the person slain to commit a felony or to do some great personal injury to the slayer or to any such person, and there is imminent danger of such design being accomplished; or (2) In the actual resistance of an attempt to commit a felony upon the slayer, in his presence, or upon or in a dwelling, or other place of abode, in which he is." Rem. & Bal. Code, § 2406.

This section defining justifiable homicide, it will be noticed, makes no reference, by specific words, to any belief or apprehension of danger which may exist in the mind of the accused. It is contended by counsel for appellant that the learned trial court erred in making any reference, in the instruction given, to any belief which may have existed in the mind of appellant, thus leading the jury to believe that they might consider such belief in determining appellant's justification, because, as is contended, the belief of the accused is not an element to be considered in determining the right of self-defense under this statutory definition of justifiable homicide. It seems to us that whatever error there may be in this respect in this instruction, is against the state and not against appellant. Instead of putting a greater burden of proof upon appellant to establish his justification, this instruction lessens that burden, if it has any influence thereon, reading the statutory definition literally as counsel insist. From a literal reading of this law, it might be argued that an accused is under no circumstances to be given the benefit of his honest belief as to his danger and that the question of his act being justifiable is to be determined only by the reasonable ground to apprehend danger then existing, as the jury might view it, regardless of the defendant's honest belief relative thereto. The instruction gives appellant the benefit of a more liberal view than this of the law.

Now when we read in this section the words "reasonable ground to apprehend" etc., the question immediately arises, reasonable ground to apprehend by whom? Surely this reference to a reasonable ground of apprehension, must mean a reasonable ground of apprehension by some one at the time the act is committed. It manifestly means reasonable ground to apprehend by the person who is prompted to do the act of defense sought to be justified. It seems to us that it cannot be said that there is "reasonable ground to apprehend," etc. by the accused, unless the ground is such as actually produces in his mind an honest belief of the existence of the

danger which would justify his act of defense. A ground which would not produce such an honest belief, surely could not be said to be a reasonable ground to justify the taking of human life. Surely it cannot be said that he would be justified by a reasonable ground of apprehension which might be apparent to others when he himself had no ground of apprehension of danger. We think that the instruction here given was not erroneously prejudicial to appellant. He could with better reason complain of the instruction had the court limited it in the respect he is now contending for.

Learned counsel for appellant make some other contentions touching the duty of the court to submit to the jury instructions bearing upon justifiable homicide as defined by subd. 2 of Rem. & Bal. Code, § 2406 above quoted. This we think, however, involves only a question of the court omitting to give instructions for which no request was made. We see no merit in this contention.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and GOSE, JJ., concur.