[No. 15236.  Department One.  July 29, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
W. G. EMONDS, *Appellant*.[1]

INTOXICATING LIQUORS (26)—REGULATION — PHYSICIANS — UNLAWFUL PRESCRIPTIONS—STATUTES—VALIDITY.  Rem. Code, § 6262-8, providing that it shall be unlawful for a physician, after he has been twice convicted of violating the prohibition law, to thereafter write any prescription for intoxicating liquor, is a valid exercise of legislative power.

CRIMINAL LAW (452, 453)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.  In a prosecution for prescribing intoxicating liquor after being twice convicted of violating the prohibition law, an erroneous general statement of the law as to his right to issue any prescriptions is not prejudicial, where other instructions plainly restricted the consideration of the jury to prescriptions for intoxicating liquor.

INTOXICATING LIQUORS (49) — UNLAWFUL PRESCRIPTIONS — EVIDENCE—ADMISSIBILITY.  In a prosecution for prescribing intoxicating liquor after being twice convicted of violating the prohibition law, it is not error to permit proof of more than two convictions.

[1]Reported in 182 Pac. 584.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 28, 1918, upon a trial and conviction of violating the state-wide prohibition law. Affirmed.

*Edward H. Chavelle,* for appellant.

*Fred C. Brown* and *T. H. Patterson,* for respondent.

MAIN, J.—The defendant, a regularly licensed physician, was charged by the information with the crime of issuing a prescription for intoxicating liquor after he had been twice convicted of unlawfully issuing such prescriptions. The trial resulted in a verdict of guilty. From the judgment entered on the verdict, the appeal is prosecuted.

Section 8 of Initiative Measure No. 3, Laws of 1915, page 6 (Rem. Code, § 6262-8), among other things, provides that it shall be unlawful for a physician, after he has been convicted a second time of a violation of any of the provisions of the act, to thereafter write any prescription for the furnishing, delivery or sale of intoxicating liquor.

Prior to being charged in this case, the appellant had been convicted three times of issuing prescriptions for intoxicating liquor when he had no good reason to believe that the persons to whom such prescriptions were issued were actually sick and that the liquor was required as a medicine.

The appellant first claims that the legislative power of the state, whether by initiative measure or an act passed by the legislature, could not deprive a regularly licensed physician of the right or privilege of prescribing intoxicating liquor as a medicine, if he believed the patient's condition required it. It is admitted that, for such offenses as that with which the appellant is here charged, it would have been proper to have deprived him of the right to practice medicine entirely.

No constitutional provision is called to our attention which it is claimed the law here assailed violates. No authority has been presented which holds that the court may declare a legislative act invalid when it does not offend against some constitutional provision. The limitations upon the legislative power must be found, if at all, in constitutional enactments, and not in the judgment or discretion of the courts. The law complained of was a valid exercise of legislative power.

The appellant also objects to an instruction given by the trial court in submitting the cause to the jury, wherein it was said that, if the accused had been twice convicted under the statutes relating to intoxicating liquor, it would be unlawful for him to issue prescriptions. The objection to this instruction is that it did not limit his right to issue a prescription for intoxicating liquor, but was broad enough to include any prescription.

While the instruction is not a correct statement of the law, it nevertheless was not prejudicial. In other instructions the jury were specifically and directly told that, before the accused could be convicted in this action, it was necessary that the evidence should show that he had issued a prescription for intoxicating liquor, after having been twice convicted of violation of the law relating to the issuance of prescriptions for intoxicating liquor.

The instructions as a whole stated the law correctly, and the error complained of does not constitute reversible error. It is plain that the jury could not have been misled by the erroneous general statement of the law which is criticized. *State v. Carter,* 15 Wash. 121, 45 Pac. 745; *State v. Shea,* 78 Wash. 342, 139 Pac. 203.

Upon the trial, evidence was admitted showing that, prior to this charge, the defendant had been three times convicted of violating the prohibition law. It is

claimed that, since the statute makes it unlawful for a physician to issue a prescription for intoxicating liquor, after having been twice convicted of unlawfully issuing such prescriptions, it was error to permit proof of more than that number. There is no merit in this contention. The state was not required to cease the introduction of proof when it had offered sufficient evidence to carry the case to the jury and sustain a conviction.

The judgment is affirmed.

MITCHELL and TOLMAN, JJ., concur.

HOLCOMB, C. J., took no part.