[Civ. No. 9431.   Third Dist.   Sept. 11, 1958.]

MARY ALICE SCHALOW, Respondent, v. FRANK C. SCHALOW et al., Appellants.

F. Leon Edlefsen for Appellants.

C. Ray Robinson, William W. Coshow, William C. Coffill and Charles E. Goff for Respondent.

WARNE, J. pro tem.*—Stating the evidence most favorable to the respondent, in March of 1950 the parties to this action entered into an oral agreement whereby respondent agreed to sell and appellants agreed to buy certain improved farm property in Merced County. The agreed price of the property was $24,000. In order that the appellants might obtain a loan to carry out the deal respondent then sold and conveyed to the Department of Veterans Affairs who, concurrently with said transfer, advanced the sum of $13,000 to the respondent and then entered into an agreement for the sale of the property to the appellants on long term installment payments. In addition to the $13,000 advanced by the department appellants transferred a $1,500 equity in other real property to respondent.

In April of 1956 respondent brought this suit against her son and his wife to collect the balance due her for the property, i.e., $9,480, which she alleged the appellants promised to pay her in $1,000 yearly installments commencing March, 1952.

In addition to the causes of action to recover on the real property contract the complaint contained a cause of action to recover rentals which Frank C. Schalow, as respondent's agent, had collected and failed to turn over to respondent, and a further cause of action to recover the sum of $505, the agreed selling price of an Allis Chalmers farm tractor and ditcher and jumper attachment for same, which respondent sold to appellants. The trial court found that there was owing and due to respondent the sum of $1,358 for rent collected, and that there was owing and due the sum of $505 for the

---

*Assigned by Chairman of Judicial Council.

tractor and equipment. These items were included in the lump sum judgment rendered against the appellants. Appellants have not attacked the judgment insofar as it is based upon the last two items.

By their answer to the complaint respecting the real property transaction appellants denied that they were indebted to the respondent on account of the sale and conveyance of the real property in the sum of $9,500 or in any sum at all; denied that they agreed to pay the sum of $24,000 for the property, or any other sum in excess of the $14,500 which respondent received. As separate and special defenses they alleged that the purported agreement was not in writing and therefore barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and insofar as fraud was concerned it was barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure. They also by way of special defense alleged that the agreement to pay $24,000 for the real property and improvements was at the time illegal, void and unenforceable under the provisions of section 986.5 of the Military and Veterans Code of California; and lastly they pleaded and alleged that the agreement was invalid under the statute of frauds since it was not in writing subscribed by the appellants.

The case was tried by the court sitting without a jury and resulted in a judgment in favor of the respondent for the sum of $6,383, which was followed by this appeal.

So far as material herein the trial court found that in March of 1950 the defendants, hereinafter referred to as the appellants, purchased from respondent a certain portion of real property referred to in the proceeding as the "almond orchard," and the parties agreed that the total purchase price would be $24,000, of which only $14,500 has been paid; that the parties agreed that the balance of $9,500 would be paid at the rate of $1,000 a year commencing March 1, 1952, and that none of the annual payments have been made. The trial court further found that "there existed between the defendant, Frank C. Schalow, a confidential relationship of mother to son, and in this particular case . . . that the highest relationship of confidence and trust existed by the mother in her son, and said relationship continued until November, 1955," and concluded that because of such confidential relationship respondent's cause of action was not barred by the statute of limitations. The court also held that the statute of frauds was not a bar to recovery. The trial court, however, did not make

any findings as to appellants' special defense that their oral agreement to pay $24,000 was void as it violated the provisions of section 986.5 of the Military and Veterans Code.

The evidence is uncontradicted that appellants purchased the property under the provisions of the Military and Veterans Code relating to farm and home aid to veterans (§§ 985 to 988.3, inclusive (Stats. 1943, ch. 1046, p. 2981, as amended)) and that respondent sold her ranch to the department for $13,000 and that the department contracted to sell it to the appellants for the same amount. Section 986.5 of the Military and Veterans Code as of the date of the transaction provided, in part: ''The cost of a farm to the department shall not exceed thirteen thousand five hundred dollars ($13,500), and a veteran purchasing the farm may advance the difference between total price of the farm . . . and the cost of the farm to the department, *but in no case shall the total value of the farm and the dwelling and improvements thereon exceed fifteen thousand dollars ($15,000).*'' (Stats. 1949, ch. 419, § 3, p. 768. Emphasis added.)

Appellants first contend that the statutory provision rendered illegal and void any agreement to pay more than $15,000.

In *Young* v. *Hampton,* 36 Cal.2d 799, 802, 805 [228 P.2d 1, 19 A.L.R.2d 830], a veteran obtained a loan under the Servicemen's Readjustment Act (38 U.S.C.A. § 694a), which provides that the government will guarantee a loan to a veteran for home construction if ''the price paid or to be paid by the veteran . . . for the cost of construction . . . does not exceed the reasonable value thereof as determined by proper appraisal made by an appraiser designated by the Administrator.'' It was held that the veteran's agreement to pay the contractor an amount in excess of the appraised value was void as it violated the basic policy of the act, to wit, ''to assure terms of payment which bear a proper relation to the veteran's present and anticipated income and expenses. The requirement of the same section that the price to be paid by the veteran for the cost of construction shall not exceed the reasonable value as established by a designated appraiser was obviously enacted to protect the borrower from acquiring property at an exorbitant price.'' The court held that the contract was clearly contrary to public policy and denied recovery.

Although the court in the Young case was considering a federal statute and the case involved a transaction between a veteran and a contractor rather than a contract

for the sale and purchase of farm land and improvements, we see no reason why the rule with reference to public policy as applied in that case is not likewise applicable to this case. The federal statute under consideration in the Young case and section 986.5 of the Military and Veterans Code of California are quite comparable in their purpose. Here we are dealing with a price limitation of $15,000 as fixed by the code section. Similarly in the Young case, the limitation under the federal statute was that the price to be paid by the veteran for such property or cost of construction should not exceed the appraised value. The requirement under the provisions of section 986.5 of the code that the price shall not exceed $15,000 was obviously for the protection of the veteran. Hence the contract in question violated the policy of the law and is void.

However, respondent contends that because at the time of bringing the suit the maximum price under section 986.5 had been increased to $30,000 this amount should govern the transaction, and not the $15,000 limitation set forth in the statute at the time the agreement was entered into. Since we find no language or provision in the statute as amended indicating that the Legislature intended the amendment to be retrospective we do not agree with respondent. ■ The general rule, applicable alike to constitutions and statutes, is that they are not to be considered retrospective in their operation unless the intent to make them so clearly appears from their terms. (*Willcox* v. *Edwards,* 162 Cal. 455, 460 [123 P. 276, Ann. Cas. 1913C 1392].)

■ Since a contract which is against public policy may not be made the foundation of an action, either in law or equity (12 Cal.Jur.2d, § 77, p. 280, and cases cited), we conclude that the trial court erred in failing to rule upon the issue and in allowing respondent $5,000 on the cause of action based upon the agreement for the purchase and sale of the real property.

Since appellants in their briefs filed herein make no attack upon the balance of the judgment based upon the other transactions heretofore mentioned, it is ordered that the judgment be modified and reduced to the sum of $1,863. Respondent to recover her costs.

Peek, Acting P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 5, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.