[No. 35334.   *En Banc.*   October 20, 1960.]

CHRISTIAN O. LUDERS, *Respondent,* v. THE CITY OF SPOKANE
*et al., Appellants.*[1]

[1]Reported in 356 P. (2d) 331.

*E. Murray Barrett, Roland C. Wightman, Norman S. Johnson,* and *John P. Tracy, Jr.,* for appellants.

*Farley & Schiffner,* for respondent.

FOSTER, J.—Respondent Luders sought judgment declaring Laws of 1959, chapter 6, p. 29, and Laws of 1959, chapter 78, p. 490, constitutional. These acts increased the pension allowances of retired policemen in first class cities to a minimum of one hundred fifty dollars per month from July 1, 1957. Respondent prayed for a money judgment of $612.26 for the increased pension from July 1, 1957, to January 27, 1959. The trial court held the acts constitutional and awarded the money judgment, from which the city of Spokane and the board of directors of the police pension fund appeal.

Respondent Luders was a member of the Spokane police department from 1924 until his retirement in 1947, after which he received a pension of $117.50 per month until January 27, 1959, when, because of the emergency clause, Laws of 1959, chapter 6, became effective. The chapter provides in part:

" . . . all existing pensions shall be increased to not less than one hundred fifty dollars per month as of July 1, 1957. . . . "

Laws of 1959, chapter 78, contained the identical words of Laws of 1959, chapter 6, previously quoted, but lacked an emergency clause, in consequence of which its effective date was June 11, 1959.

The board of trustees of the police relief and pension fund of the city of Spokane, pursuant to Laws of 1959, chapter 6, increased respondent's pension to one hundred fifty dollars per month beginning January 27, 1959, but refused, however, to back date the increase to July 1, 1957. Such is the justiciable issue here.

Appellants argue that the laws are unconstitutional.

The first claim is that the 1959 enactments violate Art. II, § 25, of the state constitution, which, prior to November, 1958, provided as follows:

"The legislature shall never grant any extra compensation to any public officer, agent, servant, or contractor, after the services shall have been rendered, or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office."

Laws of 1957, chapter 84, p. 341, contained identical provisions increasing police pensions as do the acts presently challenged. *Sonnabend v. Spokane,* 53 Wn. (2d) 362, 333 P. (2d) 918, held the 1957 law violated Art. II, § 25, of the state constitution. A constitutional amendment approved in the November, 1958 election added to Art. II, § 25, the following sentence:

"Nothing in this section shall be deemed to prevent increases in pensions after such pensions shall have been granted."

Therefore, the *Sonnabend* case, *supra,* no longer controls. Statutes must be read in the light of the constitution at the time of their enactment. So viewed, the acts do not violate Art. II, § 25, as amended in 1958.

■ But appellants argue that Laws of 1959, chapters 6 and 78, could not cure the unconstitutional 1957 laws (Laws of 1957, chapter 84, p. 341). The argument fails because the 1959 enactments did not attempt to validate the prior unconstitutional statutes. These are new and independent acts passed pursuant to the 1958 constitutional amendment. They stand by themselves and have no reference to prior invalid laws.

■ Appellants' next claim is that the 1958 amendment to Art. II, § 25, is not retroactive, and, therefore, the retrospective provisions of Laws of 1959, chapters 6 and 78, are invalid.

However, appellants misconceive the nature of the state constitution. The constitution of this state is not a grant of power, but a limitation thereof. The legislature's power to enact laws is unrestrained except when expressly or impliedly limited.

In *Gruen v. State Tax Comm.,* 35 Wn. (2d) 1, 211 P. (2d) 651, this court stated:

"A statute, when enacted, possesses that binding force and effect named therein, unless it is clearly in conflict with our fundamental law. In other words, *a statute cannot be judicially declared beyond the power of the legislature to enact unless in conflict with some specific or definite provision of the constitution. State v. Edmonds,* 107 Wash. 688, 182 Pac. 584.

"The legislature may legally enact any law not expressly or inferentially prohibited by our state constitution, the constitution being a limitation, not a grant of power. . . . " (Italics ours.)

The 1958 amendment to Art. II, § 25, removed the constitutional barrier precluding increasing police pensions after grant thereof. The legislative power in this respect is now unlimited. The legislature clearly intended to implement the new amendment by back dating increased pensions.

Retrospective laws are not *per se* invalid in the absence of constitutional prohibition. *State ex rel. American Sav. Union v. Whittlesey,* 17 Wash. 447, 50 Pac. 119; *Bates v. McLeod,* 11 Wn. (2d) 648, 120 P. (2d) 472.

■ Art. VIII, § 7, of the state constitution prohibits gratuities. We held in *Bakenhus v. Seattle,* 48 Wn. (2d) 695, 296 P. (2d) 536, that a pension granted to a public employee is not a gratuity, but is deferred compensation. That renders Art. VIII, § 7, inapplicable. Here there is a compensation increase which may apply as well to deferred compensation as compensation paid during active service.

Furthermore, Art. VIII, § 7, is concerned with municipal fiscal policy, indebtedness and budgeting, and is inapplicable to the present situation. The section was designed to prohibit municipal gifts and the use of municipal funds for nonmunicipal purposes. This situation is wholly different. Here there is no gift. This is a plan for the benefit of municipal employees, which the constitution does not prohibit.

A discussion of appellants' other arguments is unnecessary.

The judgment is affirmed.

WEAVER, C. J., MALLERY, FINLEY, ROSELLINI, OTT, and HUNTER, JJ., concur.

FINLEY, J. (concurring)—I have signed the majority opinion, but add a brief comment which seems pertinent as well as appropriate.

First, this appeal involves a simple constitutional amendment. I am convinced that, at least in the present instance, we should not borrow cases involving a rule of construction from other jurisdictions to engraft upon the above-mentioned simple constitutional amendment a judicially conceived limitation, which is certainly less than obvious from an examination of the language of the amendment; second, resolution of the instant problem per either the dissenting or the majority view involves a special process of logic applied by lawyers and judges in the interpretation of language. Hence, the dissent's allusion in re noses, tents, and camels tempts an admittedly somewhat strained, if not corny, rewrite of an old saw; namely, that people who live in glass houses shouldn't toss about camels.

For the foregoing reasons, and for those stated in the majority opinion, I fully concur with the majority.

HILL, J. (dissenting)—I dissent: Constitutional amendments like statutes are construed to operate prospectively only, unless on the face of the amendment the contrary intention is clearly manifest. *American Federation of Labor v. American Sash & Door Co.* (1948), 67 Ariz. 20, 189 P. (2d) 912. *Schalow v. Schalow* (1958), 163 Cal. App. (2d) 448, 329 P. (2d) 592. *Snow v. Keddington* (1948), 113 Utah 325, 195 P. (2d) 234.

The amendment in question adds the following sentence to Art. II, § 25, of the state constitution, which prohibits the legislature's granting any public officer, agent, or servant any extra compensation after his services shall have been rendered:

"Nothing in this section shall be deemed to prevent increases in pensions after such pensions shall have been granted."

It is self-evident that the amendment on its face does not indicate that it is to operate retrospectively.

It is, of course, recognized that there is an exception to this rule of construction, but that exception applies only when there is a remedial statute or constitutional provision, which effects not substantive rights, but only the remedies which are available for the enforcement of those rights. A "remedy" is "the means employed to enforce a right or redress an injury." *Paulsen v. Reinecke* (1935), 181 La. 917, 160 So. 629, 97 A. L. R. 1184.

The cases, while recognizing the exception, serve to emphasize the rule.

An increase in a pension is substantive and while it may remedy an inequitable situation, it is not "remedial" within the purview of the exception, which applies to procedural and not substantive remedies.

The recognized rules of construction require a holding that the 1958 amendment to Art. II, § 25, of the state constitution did not operate retrospectively; and that the 1959 act of the legislature which attempted to make pension increases effective prior to the date of the adoption of the constitutional amendment was unconstitutional; and that the judgment of the trial court should be reversed.

No significant amounts are involved here; the time for which the retroactive increase is made, is relatively short (two years). The legislature like the proverbial camel has merely pushed a relatively harmless nose under the constitutional tent. The majority opinion says there is no objection to the nose; but the same reasoning that justifies the nose, justifies the camel and would make constitutional the increase of every pension that has been established, retroactive to the beginning of the pension, whether it be two years or thirty years ago. I do not believe that this was the effect of the amendment, or the intent of the people that voted for it.

DONWORTH, J., concurs with HILL, J.

---

December 12, 1960. Petition for rehearing denied.