[No. 193-3.    Division Three.    December 17, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. GWENDOLYN LEWIS, *Appellant*.

*Elwood Hutcheson*, for appellant (appointed counsel for appeal).

*Lincoln Shropshire, Prosecuting Attorney*, and *Jeffrey C. Sullivan, Deputy*, for respondent.

GREEN, J.—Defendant, Gwendolyn Lewis, a/k/a Donna Green, charged with second-degree murder, was tried and convicted by a jury of manslaughter. She appeals.

On August 9, 1969, defendant and Curtis D. Bryant were together in a room on the second floor of the Montana Hotel in Yakima. Bryant secured the room so that he and defendant could engage in an act of prostitution. While in the room, Bryant began pulling defendant's hair. She pro-

tested. Defendant testified Bryant became angry, jumped up and started cursing her; he slapped her face. Thereupon, she opened the door of the room and called for the hotel manager who apparently did not hear her. She left the door open and returned to the vicinity of Bryant. Defendant's explanation for not leaving the hotel room after opening the door and summoning the manager was that she believed Bryant would follow her to the street and draw police attention which might result in her arrest. When the manager did not come, Bryant hit her in the eye and knocked her down. At this point, defendant said, for the first time she became afraid of him. She took a small knife from her purse and warned Bryant not to hit her again. He continued cussing her and threatened to kill her. After he swung at her and missed, she opened her knife and cut him. Upon realizing he had been stabbed, Bryant struck defendant in the jaw. It was later found to have been broken. Defendant immediately left the room, went to the hotel office and asked the desk clerk to get the manager. The manager went to the room and attempted to attend to Bryant. At the manager's request, defendant left the hotel and returned to her home. She was later called by a friend who informed her Bryant was dead. Thereupon, defendant turned herself in to the police.

Defendant claimed she stabbed Bryant in self-defense. At the time defendant was 17 years of age, weighed 140 pounds and was 5 feet 3 inches tall. Bryant was between 5 feet 10 inches and 6 feet tall.

The court gave several instructions on self-defense, including instruction No. 13:

> You are instructed that it is lawful for a person who is being assaulted and who has reasonable ground for believing that grievous bodily injury is about to be inflicted upon her, *to stand her ground and defend herself from such attack,* and in doing so she may use all force and means which would appear to a reasonable person in the same or similar circumstances to be necessary to prevent great bodily injury, if any, which appears imminent.

(Italics ours.) No exception was taken nor error assigned

to this instruction. However, defendant contends the court erroneously gave instruction No. 14:

In connection with the defense of justification, you are instructed that you may consider the words and actions of the deceased prior to the homicide, the relative size and strength of the persons involved, *the availability to defendant of a means of escape from danger,* if any, and all other factors which in your judgment may bear upon your determination as to whether the defendant reasonably believed herself in danger of grievous bodily harm at the time in question.

(Italics ours.) It is urged the italicized portion of this instruction is inconsistent with that portion of instruction No. 13 which told the jury defendant had a right under certain conditions "to stand her ground and defend herself." By reason thereof, defendant contends prejudicial error occurred and a new trial should be granted. We agree.

■ The law in this state as to self-defense and retreat was stated in *State v. Meyer,* 96 Wash. 257, 164 P. 926 (1917):

[T]he ancient doctrine of the common law, that the right of self-defense did not arise until every effort to escape had been resorted to, even to the point of retreating until an impassable barrier was reached, has been supplanted in many of the American states, including the state of Washington, by the more reasonable doctrine and the one more in keeping with the dictates of human nature, to the effect that, when one is feloniously assaulted in a place where he has the right to be and is placed in danger, either real or apparent, of losing his life or of suffering great bodily harm at the hands of his assailant, he is not required to retreat or to endeavor to escape, but may stand his ground and repel force with force, even to taking the life of his assailant if necessary, or in good reason apparently necessary, for the preservation of his own life or to protect himself from great bodily harm. [Citing cases.]

See *State v. Hiatt,* 187 Wash. 226, 237, 60 P.2d 71 (1936).

■ It is the state's position instruction No. 14 was proper since the jury was entitled to consider the availability of a means of escape in determining whether defendant

believed herself to be in danger of grievous bodily harm. We are cited to no case in which such an instruction has been approved and we have found none. Instructions telling the jury they must judge the reasonableness of the apprehension of grievous bodily harm from the defendant's standpoint in light of *all* the surrounding circumstances then existing have been approved. *State v. Tribett,* 74 Wash. 125, 130-31, 132 P. 875 (1913); *State v. Johnson,* 47 Wash. 227, 230, 91 P. 949 (1907); *State v. Bowinkelman,* 66 Wash. 396-97, 119 P. 824 (1911); *State v. Cushing,* 14 Wash. 527, 530, 45 P. 145 (1896); *State v. Hilsinger,* 167 Wash. 427, 9 P.2d 357 (1932).

However, it has been held error to delineate and single out circumstances and particularly instruct that defendant must endeavor to decline further struggle and escape before the fatal shot is fired, *State v. McCann,* 16 Wash. 249, 265, 271, 47 P. 443, 49 P. 216 (1896); or, that before a person can justify the taking of the life of another by self-defense, he must use all reasonable means to avert the necessity of killing, thus inferring a duty to retreat, *State v. Cushing, supra.* In *State v. Carter,* 15 Wash. 121, 124, 45 P. 745 (1896), an instruction that if the "assault is of such fierceness as to make an attempted retreat even more hazardous, he may at once use necessary force to prevent the threatened blow" was said to be inapt and misleading, but by reason of another instruction was not found prejudicial.

We believe the decisions in this state not only discourage the giving of instruction No. 14, but reject it. It is clear the jury is entitled to consider *all* of the circumstances surrounding the incident in determining whether defendant had reasonable grounds to believe grievous bodily harm was about to be inflicted. In fact, the trial judge properly so instructed the jury by instruction No. 16-A:

> It is for you to determine whether or not the defendant had reasonable ground to apprehend imminent death or grievous bodily harm, and in deciding that question you should judge from the defendant's standpoint at the time of the occurrence; that is to say, you should take into consideration all the facts and circumstances bearing on

the question and surrounding defendant and existing at or prior to the time of the occurrence, as said facts and circumstances are disclosed by the evidence.

However, we do not believe certain circumstances should be singled out and emphasized as was done in instruction No. 14. To do so, unduly emphasized these circumstances while at the same time instruction No. 16-A told the jury they could consider *all* circumstances from the defendant's standpoint.

Moreover, instruction No. 14 was confusing. It told the jury it could consider the availability of a means of escape as bearing upon the reasonableness of defendant's apprehension when it had just been told by instruction No. 13 she could stand her ground and defend if her apprehension was reasonable. The net effect of the two instructions was to allow the jury to infer that if, in their opinion, defendant had an available means of escape, she did not have a right to stand her ground. This inference is contrary to, or at least makes confusing, instructions No. 16[1] and 16-A which told the jury they must view *all the circumstances as they appeared to defendant at the time.* Instruction No. 14 was *not so* qualified.

For all of the foregoing reasons, instruction No. 14 should not have been given. It was unnecessary in view of instructions No. 16 and 16-A. We are unable to say this error was harmless.

■ Next, defendant contends the court erred in giving instruction No. 19 as follows:

By the term "grievous bodily harm" is meant an injury of a graver and more serious nature than an ordinary battery with the fist or pounding with the hand: an

---

[1]Instruction No. 16: "In determining whether the death of Curtis D. Bryant was justifiable, you are instructed that the defendant, Gwendolyn Lewis, a/k/a Donna Green, could act in the protection of herself upon circumstances as they reasonably and honestly appeared to her at the time and if she acted reasonably and honestly as the danger appeared to her at the time, the law will not hold her responsible even though she was guilty of misjudgment and exaggeration of the danger as it actually existed."

injury of such a nature as to produce severe pain, suffering or injury.

We disagree. It is a proper statement of the law. *State v. Bezemer,* 169 Wash. 559, 577, 14 P.2d 460 (1932). See also *State v. Milbradt,* 68 Wn.2d 684, 686, 415 P.2d 2 (1966), where an instruction in different form was approved.

Defendant assigns error to instruction No. 18 stating excusable homicide does not apply and the refusal to give proposed instruction No. 6 stating that it does apply. No authority is cited in support of the contention. We find no error. Likewise, we find no error in the refusal to give the remainder of defendant's proposed instructions since the instructions given, to which no exception was taken, were adequate.

Judgment reversed and the case remanded for new trial.

MUNSON, C.J., and EVANS, J., concur.