[No. 5069-1. Division One. March 20, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. CECER
LEE BRADLEY, *Appellant.*

*Richard A. Hansen* of *Seattle–King County Public
Defender,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and
*Charles J. Delaurenti II, Deputy,* for respondent.

WILLIAMS, J.—Cecer Lee Bradley appeals from a conviction of first–degree murder while armed with a deadly weapon and a firearm. We reverse.

The first question is whether Bradley's constitutional right to due process of law was violated by the following instruction to the jury:

> The crime of murder in the first degree includes the lesser offense of murder in the second degree.
> Where a homicide is proved beyond a reasonable doubt there is a presumption that it is murder in the second degree. The burden is on the state to raise the charge to murder in the first degree.
> If you find beyond a reasonable doubt that the crime of murder has been proved against the accused, but you have a reasonable doubt as to whether it is murder in the first degree or murder in the second degree, it is your duty to find him guilty only of the lower offense.

Bradley argues that because it shifted the burden to him to overcome a presumption that he is guilty of second–degree murder, instruction No. 11 was constitutionally defective. *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977).

We agree that *Roberts* declared the instruction unconstitutional, unless the court explains the operation of the presumption. *State v. Person*, 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960); *State v. Stepp*, 18 Wn. App. 304, 569 P.2d 1169 (1977). In the present case, neither instruction No. 11 nor any other instruction adequately explained the operation of the presumption. However, the error is harmless because Bradley was convicted of *first–*degree, not *second–*degree, murder. *State v. Kroll*, 87 Wn.2d 829, 558 P.2d 173 (1976); *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 24 A.L.R.3d 1065 (1966).

The next question is whether Bradley's due process rights were violated by instruction No. 17, which reads:

When a defendant claims that he or she killed another in the defense of his or her own person, the burden is upon the defendant to prove that the homicide was done in self-defense. However, it is not necessary for the defendant to prove this to you beyond a reasonable doubt, nor by a preponderance of the evidence. The defendant sustains this burden of proof if from a consideration of all the evidence in the case you have a reasonable doubt as to whether or not the killing was done in self-defense.

In *State v. Roberts, supra,* an almost identical self-defense instruction was held to be an unconstitutional shift of the burden of proof. *See Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975); *State v. Kroll, supra; State v. Modica,* 18 Wn. App. 467, 569 P.2d 1161 (1977). The court, in *Roberts,* stated at page 345:

In view of the decisions in *Mullaney* and *Kroll,* it is now only permissible to place upon the defendant the obligation to produce evidence, from whatever source, tending to establish self-defense. The obligation to prove the absence of self-defense must remain at all times with the prosecution. Such a formulation is in accord with the emerging "majority rule" in this country . . .

Because instruction No. 17 is constitutionally defective, Bradley's conviction must be set aside.

 The next question concerns instruction No. 18, which reads:

To justify a killing in self-defense, there must be, or reasonably appear to be, at or immediately before the killing, some overt act, or some circumstances which would reasonably indicate to the slayer that the deceased is, at the time, attempting to kill or inflict great personal injury upon him.
Self-defense is personal to the defender, who is concerned only with the person or persons then offering to do him great personal injury. These circumstances should be considered by the jury in deciding the issue of what the defender as a reasonably prudent man similarly situated would have done.
The right of self-defense is given only in emergencies to enable persons who are attacked and to whom it may reasonably appear that their lives are endangered or their

bodies are in danger of great physical injury to defend themselves. The right is limited to the emergency, and ends when the emergency ceases. The right is based upon what a reasonable man, having due regard for human life and safety, would do under similar circumstances.

A killing is not justified when made for the purpose of avenging insults, abuse or a previous assault which has ended, or for the purpose of settling an argument not involving physical safety.

Bradley argues that instruction No. 18 improperly limited the jury's consideration of self–defense to the decedent's actions at or immediately before the killing. We agree. *State v. Wanrow*, 88 Wn.2d 221, 234, 236, 559 P.2d 548 (1977), in holding a similar instruction to be reversible error, stated:

In the opening paragraph of instruction No. 10, the jury, in evaluating the gravity of the danger to the respondent, was directed to consider only those acts and circumstances occurring "at or immediately before the killing . . ." This is not now, and never has been, the law of self–defense in Washington. On the contrary, the justification of self–defense is to be evaluated in light of *all* the facts and circumstances known to the defendant, including those known substantially before the killing.

. . .

. . . The rule firmly established by these cases has never been disapproved and is still followed today. "It is clear the jury is entitled to consider *all* of the circumstances surrounding the incident in determining whether [the] defendant had reasonable grounds to believe grievous bodily harm was about to be inflicted." *State v. Lewis*, 6 Wn. App. 38, 41, 491 P.2d 1062 (1971). By limiting the jury's consideration of the surrounding acts and circumstances to those occurring "at or immediately before the killing," instruction No. 10 in the present case was an erroneous statement of the applicable law on the critical focal point of the defendant's case.

(Footnote omitted.)

█ In summary, we decide (1) that instruction No. 11, which stated that a homicide is presumed to be second-degree murder, was erroneous, although the error was harmless in this case; (2) that instruction No. 17, which

shifted the burden of proving self–defense to the defendant, was erroneous, and cause for reversal; and (3) that instruction No. 18, which limited the jury's consideration of acts and circumstances relevant to Bradley's perception of an alleged threat, was erroneous, and cause for reversal. Even though *State v. Roberts*, 88 Wn.2d 337, 562 P.2d 1259 (1977), and *State v. Wanrow, supra,* were decided subsequent to Bradley's trial, we must reverse because a conviction obtained under instructions later deemed to be unconstitutional is invalid. *State v. Modica, supra; State v. Atkinson,* 19 Wn. App. 107, 575 P.2d 240 (1978).

Because this case must be retried, the relevance of the testimony of Leon Preston, Bradley's probation officer, will be tested on whether it pertains to "all of the circumstances surrounding the incident." We assume that the alleged spectator misconduct will not recur, and that if it does, the trial court will take proper measures. The instructions given permitted Bradley to argue that the killing was not premeditated because of his impassioned state of mind. A special instruction on that point was unnecessary.

Reversed and remanded for a new trial.

ANDERSEN and DORE, JJ., concur.

Reconsideration denied May 18, 1978.